[No. 12273.   Department One. — September 12, 1889.]

## E. S. RICHARDSON ET AL., APPELLANTS, *v.* LEOPOLD LOUPE, RESPONDENT.

PARTITION — TENANCY IN COMMON WITH ESTATE OF DECEDENT — JURISDICTION OF PROBATE AND DISTRICT COURTS. — The probate court never had jurisdiction to make partition of real estate except in the course of the settlement of the estates of deceased persons, and for the purpose of distribution to the heirs or devisees of such estates; and never had jurisdiction over the interest of any persons who might be tenants in common with the estate or its distributees, and who did not deraign their title through the estate. The district court only had jurisdiction to make partition in such case, and under section 760 of the Code of Civil Procedure might ascertain and determine the interests of the original co-tenants and make partition between them, and might allow the heirs of the decedent, at their request, to remain tenants in common of the portion allotted to his estate, subject to administration and final distribution thereof.

ID. — PLEADING. — A complaint in partition which sets forth every particular required by the chapter on partitions, and sets out, not only the interests of the original co-tenants, but also the interests of the respective heirs of a deceased co-tenant, is sufficient to give the court jurisdiction to make partition.

ID. — PARTIES — PURCHASERS IN SEVERALTY. — Persons who have purchased lots or blocks in severalty from all the co-tenants, and whose properties are not included in the land to be partitioned, are neither necessary nor proper parties to the partition suit.

ID. — SERVICE OF SUMMONS UPON MINORS — RETURN. — A return of personal service of summons upon minor defendants under fourteen years of age, showing also personal service of summons upon their guardian, discloses sufficient service upon the minors.

ID. — INFANTS — APPEARANCE BY GUARDIAN. — The appearance of a general guardian for infant defendants is sufficient to give the court jurisdiction of their persons in an action of partition.

ID. — SETTING APART ESTATE OF DECEDENT — CERTAINTY OF DECREE. — A decree in partition setting apart the interest of a decedent, at the request of his heirs and representatives, to his estate as a whole, without making partition thereof between the heirs, is a proceeding authorized by statute, and is a very proper thing to do when the estate is in course of administration; and such decree is not erroneous or uncertain as to whom or in whose favor the allotment was made.

ID. — APPOINTMENT OF SINGLE REFEREE — CONSENT OF MINORS — AUTHORITY OF GUARDIAN. — Under section 797 of the Code of Civil Procedure, the court may appoint a single referee to make partition by consent of the parties. A decree in partition reciting such consent is not objectionable because certain of the parties were minors, if the record shows that they appeared by general guardian. Such guardian, having express authority under section 795 of the Code of Civil Procedure to consent to partition without action, may also give the consent required by section 797 of the Code of Civil Procedure, in an action for partition in which he is authorized to appear for the minors.

ID. — DUTY OF REFEREES — JUDICIAL ACTION — HEARING. — Referees appointed in proceedings in partition to take evidence and report facts affecting the title before the interlocutory decree act judicially, and must give notice to the parties and an opportunity for hearing; but referees appointed to make partition after the interlocutory decree, whose sole duty it is to apportion and allot the land between the co-tenants according to their respective interests as determined by the court, and to report their proceedings to the court, are not required to report any valuation, nor are the parties entitled to any hearing before them; but if the justice of their allotment is questioned, it must be contested before the court.

ID. — DECREE BY CONSENT. — The fact that a decree in partition is rendered by consent, and with more apparent haste than usual, is no indication of fraud, if there is no apparent injustice in the decree, and the proceedings are not in conflict with the statute, and nothing is done which the parties had not full power to agree to, and the court had not full power to decree and do.

ID. — EFFECT OF DECREE — RIGHT OF POSSESSION — RES ADJUDICATA — STATUTE OF LIMITATIONS. — A valid decree in partition severs the unity of possession, and each tenant in common becomes entitled by the judgment to the exclusive possession of that part of the premises which is

allotted to him, and is concluded as to all rights in other parts, irrespective of the adverse possession of such parts under the statute of limitations by those to whom they were allotted.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellants.

The district court had no jurisdiction, because the prior jurisdiction of the probate court over the estate of Sproul was exclusive. (Freeman on Cotenancy and Partition, sec. 454; Code Civ. Proc., secs. 1452, 1581, 1582, 1676, 1668, 1669; *Meeks* v. *Hahn,* 20 Cal. 620; *Janes* v. *Throckmorton,* 57 Cal. 587; *Robinson* v. *Fair,* 128 U. S. 53; *Peters* v. *Peters,* 8 Cush. 529; *Sigourney* v. *Sibley,* 21 Pick. 107; 32 Am. Dec. 248.) The decree is void for uncertainty, because assigning part of the property to the estate of a dead man. A dead man can take nothing, and cannot be affected by any proceeding. (*Jackson* v. *Tibbits,* 9 Cow. 251; *Hays* v. *Cockrill,* 41 Ala. 80; *Watts's Adm'r* v. *Watts's Devisees,* 37 Ala. 54; *Hunter* v. *Watson,* 12 Cal. 376; 73 Am. Dec. 543; *Smith* v. *Davis,* 30 Cal. 538; *Hall* v. *Leonard,* 1 Pick. 31; *Durham* v. *Fire & M. Ins. Co.,* 10 Saw. 531; *Friedman* v. *Goodman,* 1 McAll. 149; *Jackson* v. *Cory,* 8 Johns. 385; *Hornbeck* v. *Westbrook,* 9 Johns. 73; *Owens* v. *M. S. M. E. Co.,* 14 N. Y. 385; 67 Am. Dec. 160; *Baptist Association* v. *Hart's Ex'rs,* 4 Wheat. 373; *Welch* v. *Louis,* 31 Ill. 455.) The minors could not consent to the appointment of one referee. All the parties are actors, and the interest of Mary Ann Sproul, their general guardian, was adverse to that of her children. (*Reed* v. *Allison,* 61 Cal. 461; *Hancock* v. *Lopez,* 53 Cal. 370; *Clere* v. *Cline,* 82 Ala. 587; *Tankersley* v. *Pettis,* 61 Ala. 354.) An attorney cannot bind minors by an appearance. (*Johnston* v. *S. F. S. U.,* 63 Cal. 534; *McCloskey*

v. *Sweeney,* 66 Cal. 53; Myr. Prob. 6, 75, 131; *Randolph* v. *Bayue,* 44 Cal. 367; *Thomas* v. *Mahon,* 9 Bush, 125.)    Infants cannot waive defects in statutory requirements by consent.    (*Stilwell* v. *Swarthout,* 81 N. Y. 114; 7 Wait's Actions and Defenses, p. 148, sec. 12; *Winston* v. *McLendon,* 43 Miss. 255; *Thayer* v. *Thayer,* 7 Pick. 212; *Smith* v. *Smith,* 13 Mich. 262; *John* v. *McCabe,* 42 Miss. 259; *Mills* v. *Dennis,* 3 Johns. Ch. 307.)    Referees in partition act in a judicial character, and notice of hearing must be given.    (*Doubleday* v. *Newton,* 9 How. Pr. 71; *Brown* v. *Scegell,* 22 N. H. 552; *Thayer* v. *Thayer,* 7 Pick. 212; *Field* v. *Leiter,* 117 Ill. 341.)    The infants were not legally served; for the return shows no service on the guardian for them.    (Code Civ. Proc., secs. 411, 758; *Helms* v. *Chadbourne,* 45 Wis. 60; *Cox* v. *Story,* 80 Ky. 64; *S. P. R. R. Co.* v. *Superior Court,* 59 Cal. 473.)    Neither the court nor the referee had power to set apart the interest of the infants to the estate of the decedent, or to any one except to them.    (*Prichard* v. *Littlejohn,* 21 N. E. Rep. 10.)

*Van Ness* & *Roche,* for Respondent.

The court acquired jurisdiction of the minor defendants by the appearance of the general guardian.    (*Smith* v. *McDonald,* 42 Cal. 484.)    The general guardian has the power to consent to partition without suit.    (Code Civ. Proc., sec. 795.)    And *a fortiori* after suit commenced. (See *Waterman* v. *Lawrence,* 19 Cal. 214; 79 Am. Dec. 212.) The decree in partition operated as a delivery of possession.    (*Wade* v. *Deray,* 50 Cal. 376; *McBrown* v. *Dalton,* 70 Cal. 89; *Gay* v. *Parpart,* 106 U. S. 679.)    The court having acquired jurisdiction, the decree in partition unappealed from is conclusive between the parties (*McBrown* v. *Dalton, supra*); and cannot be attacked collaterally for error.    (Freeman on Cotenancy and Partition, 2d ed., sec. 528.)    The jurisdiction of the probate court over partition is merely auxiliary to distribution.    (Code Civ.

Proc., sec. 1675, *Estate of Castro,* 18 Cal. 100.)   The dis-
trict court had jurisdiction in partition.   (Const., art. 6,
secs. 6, 7, 8.)   Partition may be made to the estate of a
deceased person.   (*Hill* v. *Den,* 54 Cal. 6.)

Fox, J.—This is an action to quiet title to the undi-
vided one-half interest in eleven separate blocks and
parts of blocks of land in the outside lands of San Fran-
cisco, part of that portion of said outside lands, so called,
commonly known as the Sharp and Sproul tract.

The record shows that John Sproul died in January,
1869, leaving a widow, Mary Ann Sproul, and three
daughters, Elizabeth, Mary, and Matilda, his heirs at
law.   The daughters are the plaintiffs in this cause.   At
the time of his death, John Sproul and George F. Sharp
were the owners as tenants in common of the said
Sharp and Sproul tract, each owning an undivided
half thereof.   In due time, and under regular proceed-
ings, the widow, Mary Ann Sproul, was appointed ad-
ministratrix of the estate of John Sproul, deceased, and
by other regular proceedings she was also appointed
general guardian of the persons and estates of the said
daughters, who were then minors.   Prior to his death,
Sproul had sold out of the said tract certain lots and
blocks, or parts of blocks thereof, to third persons, Sharp
joining in such conveyances, but Sproul receiving to his
own use the entire proceeds of such sales, in considera-
tion of which Sharp and Sproul had entered into an
agreement in writing reciting the facts, and providing
that upon final partition of the tract said Sharp should
receive, in addition to the undivided one half of what re-
mained unsold, an amount which should be equal and
sufficient in extent, quantity, and value to the lands
which had been so conveyed by Sharp for the benefit of
Sproul.   After the death of Sproul, Sharp, in writing, re-
nounced all claim under this last-named agreement, ex-
cept so far as related to certain lands sold and conveyed

to one Samson and one Reynolds; for these latter he was still to receive an equivalent upon final partition. In 1870 all the unsold portions of the Sharp and Sproul tract was deeded by lots and blocks by the city and county of San Francisco to said George F. Sharp and to Mary Ann Sproul, administratrix of the estate of John Sproul, deceased, saving and excepting, of course, such lots, blocks, and other portions as were reserved for public use under the ordinances and acts authorizing such conveyances. The plaintiffs claim title as heirs of their father and grantees of their mother. The defendant denies that the plaintiffs have any right, title, or interest in the lots and blocks described in the complaint, or any part thereof, and claims to be himself the owner in fee of said lots and blocks so described, and of the whole thereof, and of all interest therein, deraigning his title under said Sharp; and it is conceded that defendant has acquired and holds whatever interest Sharp had in the property described in the complaint herein at the time of his death, which occurred October 17, 1882.

Defendant also pleads, as against the claim of plaintiffs, that the same is barred by the provisions of section 318 of the Code of Civil Procedure.

The court found in favor of defendant upon all the issues, and gave judgment accordingly. Motion for new trial was made, on the ground of errors of law, and also that the evidence was insufficient to justify the findings. The motion being denied, plaintiffs appeal, both from the judgment and from the order denying the motion for new trial.

Upon the trial of the cause, the plaintiffs having rested their case upon proof of the facts as hereinbefore recited, and of conveyance from their mother to them of her interest in the premises, the defendant, for the purpose of making out his defense, offered in evidence a judgment roll, in the case entitled George F. Sharp, plaintiff, *v.* Mary Ann Sproul, administratrix, et al.,

defendants, in the district court of the late nineteenth judicial district of the state of California, in and for the city and county of San Francisco. This was an action brought for the partition of the Sharp and Sproul tract, complaint filed December 10, 1873, while the Sproul estate was in course of administration, and pending in the probate court. The defendants were "Mary Ann Sproul, administratrix of the estate of John Sproul, deceased, Mary Ann Sproul, Elizabeth Sproul, Mary Sproul, and Matilda Sproul, and Mary Ann Sproul, guardian of the persons and estates of Elizabeth Sproul, Mary Sproul, and Matilda Sproul, minors."

To the introduction of this judgment roll in evidence the plaintiffs objected, on twenty-six separately stated grounds, all of which, however, go to the question of the jurisdiction of the court to hear and determine the case, and render any judgment therein, or to the regularity and sufficiency of the proceedings had to render any judgment of partition therein valid or binding. The objection was overruled, and the judgment roll admitted in evidence, to which ruling plaintiffs excepted, and this is now assigned as error of law, and the evidence thus introduced is claimed to be insufficient to justify the findings based thereon.

The first point made against the admission of this record is, that the district court had no jurisdiction to make partition of the premises described in the complaint in the cause, because the estate of John Sproul, deceased, was then in course of administration, pending and undetermined, in the probate court, and that court alone had jurisdiction to make partition of the estate.

This point is not well taken. The probate court never had jurisdiction to make partition of real estate, except in the course of the settlement of the estates of deceased persons, and *for the purpose* of distribution to the heirs or devisees of such estates. (See Code Civ. Proc., secs. 1675–1686, as the same stood prior to 1880, and sections

261 to 273 of the former Practice Act.)    It is a mistake
to suppose from anything found in those sections that
the probate court had any power or jurisdiction over the
interest of any persons who might be owners as tenants
in common with the estate or its distributees, and who
did not deraign their title through the estate.    Section
1678, to which we are cited, in no manner supports
the contention of plaintiffs in that behalf.    It is expressly
confined to persons who have purchased from heirs, leg-
atees, or devisees, their interest in the estate, and then
places them simply in the shoes of their grantors in the
matter of such partition and distribution.

On the contrary, at that time, the district court only
had jurisdiction to make partition of real estate between
tenants in common therein, and this, according to the
provisions of part 2, title 10, chapter 4, of the Code of
Civil Procedure.    And section 760, a part of that chapter,
made express provision for exactly such cases as this,
and provided that in such a case the court might "first
ascertain and determine the shares or interest respect-
ively held by the original co-tenants, and thereupon ad-
judge and cause partition to be made as if such original
co-tenants were the parties, and sole parties, in interest,
and the only parties to the action, and thereafter may
proceed in like manner to adjudge and make partition
separately of each share or portion so ascertained and
allotted, as between those claiming under the original
tenant to whom the same shall have been so set apart, or
may allow them to remain tenants in common thereof, as
they may desire."

The record offered shows that this was exactly what
was done in that case.    The court did ascertain and de-
termine the respective interests of the original co-tenants,
Sharp and Sproul, and made partition between them;
then, at the request of the defendants, left them to remain
tenants in common of the Sproul allotments, the same
being subject to administration in the Sproul estate,

and to final distribution therein, by partition or otherwise, as the probate court should determine.

Objection is also made to the sufficiency of the complaint in that cause to give the court jurisdiction to make partition; but an examination of the complaint shows it to be full in every particular required by the chapter on partitions, setting out not only the interests of the respective original co-tenants, but also the interests of the respective heirs of the Sproul estate.

It is also objected that the supplemental agreements hereinbefore referred to, providing that upon final partition Sharp was to have set apart to him an equivalent for certain lands theretofore sold for the benefit of Sproul, were not made part of the complaint and called to the attention of the court, but this is a false call on the part of the plaintiffs in this action, for those agreements are both made a part of the complaint in the partition suit, and considered by the court in making the partition.

It is also objected that all the parties were not joined necessary to give the court jurisdiction to make the partition, for that Samson and Reynolds were not made parties thereto. Samson and Reynolds were not tenants in common with the others in any part of the tract sought to be partitioned. They were purchasers from Sharp and Sproul of certain lots or blocks in the Sharp and Sproul tract, and held them in severalty, free from any claim or interest of either Sharp or Sproul. Their properties were not included in the land to be partitioned, and they were neither necessary nor proper parties to the partition suit.

It is also objected that the summons was insufficient to give the court jurisdiction to make the partition, but an inspection shows it to have been full and complete.

It is also objected that legal service of the summons was never made, so as to give the court jurisdiction over the persons of the defendants. The objection is as to the service upon the minors, who are claimed to have

been at that time under fourteen years of age. The provision of the statute at that time as to service in such case was as follows (section 411, subdivision 3): "If against a minor under the age of fourteen years, to such minor personally, and also to his father, mother, or guardian; or if there be none within the state, then to any person having the care or control of such minor, or with whom he resides, or in whose service he is employed." The return of the sheriff in that case shows that he personally served the minors, naming each of them, on the tenth day of December, 1873, and on the twelfth day of the same month personally served Mary Ann Sproul, administratrix of the estate of John Sproul, deceased, Mary Ann Sproul, Mary Ann Sproul, guardian of the persons of Elizabeth Sproul, Mary Sproul, and Matilda Sproul, minors, and also Mary Ann Sproul, guardian of said minor defendants, by delivering to each of said defendants personally, in the city and county of San Francisco, a copy of said summons, the summons so served upon Mary Ann Sproul being attached to a copy of the complaint in said action. We are unable to see wherein the return fails to show sufficient service upon the defendants. Besides, the appearance of the general guardian was sufficient to give the court jurisdiction of the persons of the defendants. (*Smith* v. *McDonald*, 42 Cal. 484.)

It is also claimed that the final decree is void for uncertainty on its face, because it set apart defendants' interest to the estate of John Sproul, deceased. All the defendants in that action were heirs and representatives of the estate of John Sproul, deceased, one of the two original co-tenants. As such they asked in their answer that partition be not made between themselves, but that the interest of their ancestor be set off as an entirety, and they be left as tenants in common therein as before. The statute authorized this to be done, and it was so done. As the estate was then in course of admin-

istration, it was a very proper thing to do. There was no error in such a course, and no uncertainty as to whom or in whose favor the allotment was made. In view of our express statute, the long list of authorities cited by counsel on this point are not applicable, except that of *Hill* v. *Den*, 54 Cal. 6, which is directly in point in support of the course pursued by the court in the case under consideration.

It is also claimed that the proceedings in partition were void, because a single referee was appointed, and because he, acting in a judicial capacity, acted without notice to the parties, and they had no opportunity for a hearing before him. As to the appointment of a single referee, that is expressly provided for in the statute. By section 797 it was provided that the court might appoint a single referee in proceedings in partition by the consent of the parties, and the decree recites in this case that it was done by the consent of the parties. To this it is replied, however, that minors could not consent. By section 795 of the Code of Civil Procedure it was provided that the general guardian of an infant could consent to partition without action. This being so, and the general guardian having authority to appear for the minors in an action for partition, it would seem that in the action the guardian might consent to a mere course of procedure authorized by statute, and coming within the purview of the action itself.

As to the other point of the objection, counsel has evidently got confused between the two classes of referees who might be appointed in cases of partition. Sections 761 and 762 provided for the appointment of referees to take certain evidence and report certain facts affecting the question of title for the information of the court before the interlocutory decree. Such referees acted judicially in the taking of testimony and the investigation of the facts, and of their sittings notice had to be given, and the parties were entitled to an opportunity to be

heard before them.  But such was not this case.  The only referee appointed in this case was one appointed under sections 763 and 797 to make partition after interlocutory decree.  His sole duty was to apportion and allot these lots and blocks between the original co-tenants, according to their respective interests as found and determined by the court, quantity and quality relatively considered, and make report of his proceedings, specifying the manner in which he had executed his trust, and describing the property divided and the shares allotted to each party.  All this was done.  The statute did not require that he should report a valuation of the whole or of any allotment, or for any hearing of the parties before him.  If any contest arose as to the relative value of the several allotments, or as to the justice of his report in any other respect, the settlement of such dispute was to be had before the court, which had full power to confirm, change, modify, or set aside his report.  (See sections 764–766.)

Objection is also taken to the record because of the apparent haste in and of the order of procedure.  The answer was filed March 13, 1874, ninety days after the service of summons.  It would seem from the course of procedure that in the mean time the parties had agreed between themselves upon the manner of partition, as they might have done if no action had been commenced, and now, in the action, were carrying out their agreement with the court, as well as the guardian, to protect the interests of the minors.  Be that as it may, the defendants all appeared and answered, and, among other things, asked that partition be not made between themselves, but only between the original co-tenants.  On the same day, the court made and signed its interlocutory decree, determining the interests of the parties according to the allegations and admissions of the pleadings, reciting all the jurisdictional facts, and also showing that, inasmuch as the general guardian of the minors

was herself interested personally in the subject-matter of the partition, Francis G. Newlands, Esq., had been appointed attorney specially to protect the interest of said minors; that it had been agreed by all the parties that it was inexpedient that certain lots and blocks designated and described therein should be then partitioned, and that they should be omitted from the partition; also, that it was inexpedient that partition should be made as between the defendants at that time, and that partition should only be made as between the original co-tenants; also, that a single referee, naming him, should be appointed. By some oversight, this interlocutory decree was not filed until April 21st, when it was filed *nunc pro tunc*, by order of the court, as of March 13th, the day it bore date. The report of the referee was filed on the same day, April 21st, *nunc pro tunc*, as of March 20th. The final decree is dated April 20th, and recorded May 5, 1874. All this, instead of proving fraud, as claimed by the defendants, but verifies the supposition that the parties, being properly in court, had agreed among themselves, had submitted their agreement to the court, and the court, finding it lawful and proper, had carried it into effect in the judgment, and according to the forms of law, and that in doing it, the papers had remained in the hands of the judge until he had reached and signed his final decree. While counsel broadly intimates that there was fraud in these proceedings, he nowhere intimates, and it is not claimed, that there was injustice in them. We see nothing in them showing evidence of fraud, to which the court itself must have been a party, if there was any. The proceedings were not in conflict with the statute, and nothing was done which the parties had not full power to agree to, and the court had not full power to decree and do. The final decree of partition was valid and binding between the parties, and allotted to the plaintiff therein, under whom the defendant in this case deraigns his title,

the property described in the complaint herein. There was no error in the ruling of the court in this cause admitting the judgment roll in evidence.

That decree operated to sever the unity of possession (*Wade* v. *Deray*, 50 Cal. 376; *McBrown* v. *Dalton*, 70 Cal. 94), and each became entitled by the judgment to the exclusive possession of that part which was allotted to him. In the subsequent distribution of the Sproul estate in the probate court, the part which had been allotted to the Sproul estate was distributed to the plaintiffs herein and their mother, but no part of the property described in the complaint in this cause was distributed or mentioned in said decree of distribution. From the date of said decree of partition, the lands described in the complaint herein were assessed to Sharp, and he paid the taxes thereon until his death, and thereafter the taxes were paid by his executor until the sale to this defendant, immediately after which this suit was brought.

All the specifications of insufficiency of evidence and of errors of law herein are addressed to the proceedings in partition already considered, and there is little left now to be considered on this appeal, except to say that the court below found that all the plaintiffs herein were barred by the provisions of section 318 of the Code of Civil Procedure, except the plaintiff Matilda S. Filmer. The court was right in that finding so far as it goes, but the said Matilda is also barred by said section so far as relates to the interest acquired from her mother, for the statute had run against the mother before she conveyed to her daughters. As they are all concluded, however, by the decree of partition, and the fee-simple title coming down to defendant under it, he is not required to rest his defense as against any of them on the statute of limitations alone.

Judgment and order affirmed.

Works, J., and Paterson, J., concurred.