### KERFOOT v. GREENLEE et al.

No. 11978—Opinion Filed Sept. 12, 1922.

(Syllabus.)

1. **Tenancy in Common—Equal Rights of Cotenants.**

Each tenant in common is equally entitled to the use, benefit, and possession of the common property, the limitation of this right being that each is required to exercise this right so as not to interfere with the rights of his cotenant.

2. **Same—Right to Dispose of Interest.**

The interest of cotenants is purely personal —each is allowed to dispose of his interest as he sees proper. He may sell it or give it away, his cotenant not being concerned or interested in the consideration received.

3. **Same.**

A tenant in common owes no duty to his cotenant as to disposition of any portion of his interest, notwithstanding such disposal may prevent a partition in kind of the common property.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Julius Greenlee against Clarence W. Kerfoot and another to partition real estate. Judgment for plaintiff, and defendant named brings error. Affirmed.

Lydick & Arrington, for plaintiff in error.

Stanard & Ennis and Goode & Dierker, for defendants in error.

PITCHFORD, V. C. J. The defendant in error Greenlee filed in the superior court of Pottawatomie county his petition for partition against the plaintiff in error, Clarence Kerfoot, and the defendant in error George B. Graf, alleging that each of the parties was entitled to an undivided one-third interest in certain lots, with the buildings thereon, in the city of Shawnee.

The defendant Graf filed an answer, admitting the allegation of the plaintiff's petition. An answer was filed by the plaintiff in error denying that Graf had any right, title, or interest in the property sought to be partitioned. And further alleging that the defendant in error Greenlee was the owner of an undivided two-thirds interest in the property, and that plaintiff in error was the owner of an undivided one-third interest in the same; that, two or three days prior to the filing of the petition in the case, Greenlee had voluntarily, and without consideration, signed and delivered to Graf a deed purporting to convey an undivided one-third interest in the property; that Graf paid no consideration for the deed, it being the understanding and agreement between Greenlee and Graf that the latter was to take the deed and hold the same for the use and benefit of Greenlee; that the deed was executed solely for the purpose of giving Greenlee an excuse to file an action for partition; that Greenlee never intended to convey title to Graf, and the latter never intended to receive title to the property; that the deed was given solely for the purpose of defrauding the plaintiff in error, so as to prevent the partition of the property in kind.

Upon trial of the cause, the court rendered judgment, finding that each of the parties was entitled to an undivided one-third interest in the property. Commissioners were appointed to make partition, and in the event partition could not be made in kind, to appraise the same. The commission so appointed reported that the property could not be divided in kind, and appraised the value thereof at $9,000. Greenlee and the plaintiff in error offered to take the property at the appraised value, whereupon the court ordered the sheriff to make public sale of the property. Plaintiff in error appeals.

Numerous errors are assigned for reversal of the judgment of the trial court; however, it is necessary to consider but one ground, as all the exceptions are controlled by the

disposition of this one point. The contention of the plaintiff in error is that he and Greenlee were tenants in common of the property involved in this litigation, that he owned a one-third interest in the same, and that Greenlee owned the other two-thirds interest; that the property was of such a nature as to be capable of a division in kind as between themselves; that Greenlee was not willing for the property to be divided in kind. and, in order to prevent a division in kind, he, without any consideration, deeded one-half of his interest to Graf, and that the deed to Graf, being without consideration, was void as to the plaintiff in error. To sustain this contention, we are cited to section 1174, Rev. Laws of Oklahoma 1910, which provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

There is no contention that the relation of debtor and creditor existed between plaintiff in error and Greenlee; therefore, the only portion of the section just quoted and relied on by plaintiff in error is the last portion of the section:

"Shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

While the law is well settled that each tenant in common is equally entitled to the use, benefit, and possession of the common property, and may exercise acts of ownership in regard thereto, the limitation of his right being that he is bound to so exercise his rights in the property as not to interfere with the rights of his cotenant.

As conceded by plaintiff in error, the question here presented seems to have never been passed on by any appellate court. The interests of the parties in the property belong to them, respectively. Each could do with his interest as he saw proper; that is, he could sell the same or give it away, his cotenant not being concerned or interested in the consideration he received. If Greenlee had given his entire interest to Graf, we are unable to see where the plaintiff in error could have any right to complain, but the contention is that Greenlee, as tenant in common, owed a duty to his cotenant not to dispose of any interest in the property so as to affect or prevent the plaintiff in error having the property divided in kind. We fail to discover where in this respect Greenlee owed the plaintiff any duty, either moral or legal, affecting the right of the former in the disposition of his interest in the property.

We agree with counsel for plaintiff in error that this is a novel question; that the reports of the appellate courts of the various states fail to contain a single case where even the contention of plaintiff is in any way passed upon or hinted at. We fail to recognize the equities claimed by plaintiff in error.

We therefore conclude that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, and KENNAMER, JJ., concur.