Mary Verne Moorman STARNES et al.,
Appellees,

v.

Robert Cicero MILLER, Appellant.

No. 44365.

Supreme Court of Oklahoma.

Nov. 14, 1972.

Rehearing Denied Jan. 23, 1973.

Boatman, Rizley & Sparks, Woodward, for appellees.

Everett J. Sweeney and Robert G. Grove, Oklahoma City, for appellant.

BARNES, Justice:

During his lifetime, the late C. C. or Cliff C. Wilson acquired title to the fee simple estate in most of the more than 8,000 acres of Ellis County land involved in this partition action. In addition, he acquired certain grazing leases on the rest of that acreage, and, together, he and one Kenneth Starnes, husband of Wilson's niece, the appellee, Mary Verne Moorman Starnes, operated all of the tracts (both leased and owned) as one ranch for some twelve years. Prior to 1959, Wilson gave various interests in the ranch to Mrs. Starnes and other relatives, who were his

nephews, nieces and grandnieces. Then in 1959, Wilson, joined by these owners, enabled one R. C. or Robert Cicero Miller to become the ranch's operator, leasing him the owned land and subleasing him the leased tracts.

After Wilson died, Mrs. Starnes and one Martha E. Miller Robinson, both individually as owners of interests in the ranch, and as Executrices of Wilson's estate, instituted the present action. They will hereinafter be referred to as "plaintiffs".

By their petition, these plaintiffs sought a judgment determining their rights and ownership (in addition to other immaterial relief) in all of the tracts comprising the ranch, including the leased tracts and their undivided mineral interests under some of the owned tracts, as well as an undivided ½ interest in the fee of a quarter section in Section 25, Township 19 North, Range 23 West. Plaintiffs also prayed that their interests be partitioned. They did not join as parties to the action some owners of interests in tracts in which they and the defendants owned only undivided interests, nor did plaintiffs seek partition of those other parties' interests.

They did make R. C. Miller a party defendant; and he will be hereinafter referred to by that designation and/or by surname.

All of the defendants filed answers admitting the ownership of interests as set forth in plaintiffs' petition, and consenting to the partition prayed for therein, except Miller, who claimed that he individually owned the grazing leases, and prayed that these leases not be partitioned.

Upon trial of the issues above indicated, the trial court rendered judgment determining, among other things, that not only the land interests, whose partition had been consented to, should be partitioned, but also that the grazing leases in Miller's name should be partitioned, too, on the theory that they were held in trust for the use and benefit of other parties to the action.

The Commissioners thereafter appointed to partition the land, mineral interests, and leases, filed a report finding that same could not be partitioned in kind without manifest injury to the parties and fixing the properties' appraised value. Plaintiffs filed a motion to confirm the Commissioners' report, and defendant, Miller, filed his objections to it.

At a hearing on these pleadings, the trial court sustained the motion and ordered a partition sale of the grazing leases, as well as the land and mineral interests. Thereafter, defendant, Miller, filed both a motion for a new trial and a motion to vacate the judgment. The trial court thereafter overruled both motions; and Miller appealed.

The Court of Appeals reversed the trial court's judgment and remanded the case to that court, after determining that the grazing leases were not subject to partition, and that certain owners of undivided interests in the land—other than plaintiffs and defendants—were necessary parties to the action.

Because of error in this judgment, we have granted plaintiffs' petition for certiorari, and affirm the judgment of the trial court.

Defendant, Miller, argues that the trial court erred in overruling his motion for a new trial and motion to vacate its previous order contemplating a partition sale of the other litigants' undivided interests in the land, because the owners of other undivided interests in those tracts were not parties to the action. Plaintiffs cite Harper v. Ford, Okl., 317 P.2d 210, and Erwin v. Hines, 190 Okl. 99, 121 P.2d 612, as authorizing the District Court (in a partition action) to partition less than the whole fee simple estate in the land involved, with the consent of the owners of such lesser interests.

▌ In those cases, the owners of all interests aggregating the whole fee simple estate were parties litigant. Here, the interests of those who are parties to the ac-

tion, and have consented to the partition, collectively aggregate less than the entire fee simple estate. Of course, there can be no proper, complete or conclusive division of property in an action to which all of the owners of it are not parties. Grisso v. United States (C.C.A., 10th Cir.), 138 F.2d 996, 1000. But, here, the owners of *the only interests sought to be partitioned* are before the court and have consented to such partition.

Insofar as we are aware, this Court has never dealt with such a situation directly, but in Ellis v. Cook, 205 Okl. 13, 234 P.2d 412, cited by plaintiffs, it noted that in Duncan v. Moore, Tex.Civ.App., 135 S.W. 2d 787: "The court held that partition of only a part of the property might be made if the parties consented thereto." That opinion of the Texas Civil Court of Appeals has never been overruled, despite the fact that the Supreme Court of Texas has, since early times, followed the rule "that all tenants in common are indispensable parties to a suit for partition. . . ." See Holloway v. McIlhenny Co. (1890), 77 Tex. 657, 14 S.W. 240. Therefore, it would appear that the Texas Courts recognize a distinction between cases where all cotenants, owning the undivided interests sought to be partitioned, are before the court and have consented to such partition, and other cases in which all of the owners of the quantum of property to be partitioned are not parties. In the early case (1889) of Richardson v. Loupe, 80 Cal. 490, 22 P. 227, the California Supreme Court (like the Texas Civil Appeals Court, supra) recognized that parties whose interests are not included in the property to be partitioned are "neither necessary nor proper parties to the partition suit." (p. 229)

■ We agree that if the undivided ½ interest in the 160 acres and the mineral interests, belonging to owners not parties to this action, were to be included in the partition sale the trial court ordered, then those owners would have a pecuniary interest in the sale, and, for more reasons than their concern about the sale price,

they would be necessary parties to the partition action. In this connection, notice Hill v. McCandless, 198 Ga. 737, 32 S.E.2d 774, 775. But we find no obstacle to the sale that the trial court ordered, in the fact that the interests sold therein would be subjected to common administration with other undivided interests in the property and might also undergo further partition if any owner thereafter initiated it. In Kerfoot v. Greenlee, 87 Okl. 69, 209 P. 444, this Court held:

"Each tenant in common is equally entitled to the use, benefit, and possession of the common property, the limitation of this right being that each is required to exercise this right so as not to interfere with the rights of his cotenant.

"The interest of cotenants is purely personal—each is allowed to dispose of his interest as he sees proper. He may sell it or give it away; his cotenent not being concerned or interested in the consideration received.

"*A tenant in common owes no duty to his cotenant as to disposition of any portion of his interest, notwithstanding such disposal may prevent a partition in kind* of the common property." (Emphasis added)

In Wolfe v. Standford, 179 Okl. 27, 64 P.2d 335, 338, we said: ". . . a denial of the remedy of partition can only be justified in the most extreme cases . . ." In this connection, notice also Rich v. Smith, 26 Cal.App. 775, 148 P. 545, 549, and Kinkead v. Maxwell, 75 Kan. 50, 88 P. 523. The present case differs from Frost v. Blockwood, Okl., 408 P.2d 300, cited by the defendant, Miller. There, the property sought to be partitioned was the entire surface estate, less mineral rights in the tract of land; and valid service had never been obtained on a minor cotenant in that surface estate. We there held that the trial court had no authority to order partition of a lesser "interest" or estate. Here, the owners of all interests *in that portion of the fee estate sought to be partitioned* in all of the tracts were properly before the

court and had consented to the partition of that portion. In view of the authorities we have cited, as applied to the factual situation in this case, we find no basis for reversing the trial court's judgment on the ground that owners of certain interests in the owned or "fee" land, as distinguished from the leased land, of the ranch, were not parties to the action.

The defendant, Miller, also contends that the trial court erred in ordering partition of the heretofore mentioned grazing leases. These leases were all in the name of R. C. Miller; but the trial court found they were held in trust by him for the benefit of the owners of the tracts, in connection with which they were used in the operation of the ranch. On the basis of his findings, the court determined that the equitable interests of these owners in the leases were held in cotenancy, justifying partition.

Miller admitted that when he first leased the various parts of the ranch from their owners, and also subleased from them the grazing leases, he held these leases for the benefit of those owners. At that time, the owners clearly had a reversionary interest in the grazing leases, with a right of possession at any time their subleases were surrendered. Miller contends, however, that his relationship of sublessee to the owners did not continue after he, upon termination of the leases, negotiated new ones in his own name, paid the rent on them, and used them as he saw fit in the operation of the ranch. This relationship, however, was later recognized in a renegotiated lease contract Miller and the owners entered into with each other in 1967. This new "PASTURE LEASE" affirmatively preserved the rights of the owners in certain specific respects in the event of a sale of their land interests; but, on the witness stand, Miller denied that these contract provisions were to apply to anything but an "agreed" or "peaceable" sale. By his judgment ordering partition of the leases, the trial court found to the contrary. After a careful examination of the evidence, we cannot say said judgment is clearly against the weight of the evidence, or contrary to law, as to its partitioning of the grazing or pasture leases.

In accord with the foregoing, the judgment of the trial court is affirmed, and the decision of the Court of Appeals is reversed.

All Justices concur.