Gene A. **HILTON**, Administrator of the Estate of Gertrude Crouch, **Plaintiff-Respondent**,

v.

Ray H. **CROUCH**, Avery Crouch, Francis A. Crouch and Nellie Crouch, **Defendants**,

D. Evelyn Thomas, Leonard Thomas, Joe H. Crouch and Lucille Crouch, **Defendants-Appellants**.

No. 12337.

Missouri Court of Appeals, Southern District, Division One.

Jan. 5, 1982.

Janice P. Noland, Camdenton, for defendants-appellants.

W. Gary Drover, Icenogle, Drover & Icenogle, Camdenton, for plaintiff-respondent.

FLANIGAN, Judge.

This is an action for partition, Rule 96,[1] of real estate located in Camden County. The petition was filed by Gene A. Hilton, administrator of the estate of Gertrude Crouch, deceased. Four of the defendants[2] are Ray Crouch, Francis Crouch, Joe Crouch and D. Evelyn Thomas, who are children of Gertrude Crouch. At the time of her death Gertrude Crouch was the owner of an undivided one-half interest in the land and that interest descended to the four defendants as tenants in common. The other one-half interest was already owned by the four defendants as tenants in common, that interest having descended to them from their father.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMO 1978, V.A.M.S.

2. Additional defendants are the spouses of the four named defendants.

After responsive pleadings were filed and a hearing was held, the trial court found that partition in kind could not be made without great prejudice to the owners and the court entered an order of sale. Two of the defendants, Joe Crouch and D. Evelyn Thomas, appeal from the interlocutory judgment which determined the rights of the parties. § 512.020.

Appellants' sole point is that the trial court erred in entering the interlocutory decree in partition for the reason that a Missouri administrator has no statutory authority to institute and maintain a partition action and the proceedings are void.

"It is generally held that the executor or administrator of an estate has not, aside from statute or possibly some express authority from the testator, such an interest in the real estate of the deceased as entitles him to institute and maintain partition proceedings." 59 Am.Jur.2d Partition § 183, p. 908; Anno. 57 A.L.R. 573; to similar effect see 68 C.J.S. Partition § 56f, p. 86; Tiffany, Real Property, 3rd Edition, Vol. 2, § 475, p. 313. Missouri follows that rule. *Throckmorton v. Pence*, 121 Mo. 50, 25 S.W. 843, 844[1] (1894).[3] "And it is a general rule that, to entitle any person to maintain any action, it must be shown he has a justiciable interest in the subject matter of the action." *Garrison v. Schmicke*, 193 S.W.2d 614, 615[5] (Mo.1946).

"To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation." *Janssen v. Guaranty Land Title Co.*, 571 S.W.2d 702, 706[8] (Mo.App.1978). "The matter of standing does not relate to legal capacity to sue, a defense waived unless timely asserted [Rule 55.27(a) ], but to the interest of an adversary in the subject of the suit as an antecedent to the right to relief. It is a matter, in a sense, jurisdictional in limine and so within the notice of a court, even on appeal, for dismissal." *State ex rel.*

*Schneider v. Stewart*, 575 S.W.2d 904, 909[7] (Mo.App.1978).

If the administrator had remained the sole plaintiff and none of the defendants had requested partition, appellants' position would be well taken. In view of the procedural history of the instant litigation, however, and the position which appellants themselves assumed in the trial court, this court concludes that this appeal has no merit.

The fact that the estate of Gertrude Crouch was still in the process of administration during the pendency of the partition action was not per se sufficient to invalidate the latter. Rule 96.29 deals with that situation and provides safeguards for the protection of creditors. The trial court's order in the instant proceeding implemented Rule 96.29.

Each of the four defendants, including the two appealing defendants, owned an undivided one-fourth interest in the land and each "had the absolute right to have said real estate partitioned and sold in the circuit court, although the estate was in the course of administration in the probate court . . ." *Winn v. Maddox*, 263 S.W.2d 470, 471[1] (Mo.App.1953). See also *Richardson v. Kuhlmyer*, 250 S.W.2d 355, 361 (Mo.1952).

Among the allegations of the administrator's petition were the following: Each of the four named defendants owns an undivided one-fourth interest in the land; the *defendants* are unable to agree upon their respective claims of interest and are unable to agree upon any proper partition of the land; it has become necessary that the court determine and declare the interests of defendants in the land; partition of the land in kind cannot be done without great prejudice to the parties in interest.

The answer of the two appealing defendants to the administrator's petition at first denied the foregoing allegations but did plead "that defendants do own an undeter-

---

3. Sec. 473.460 permits real property belonging to an estate to be sold, under order of the *probate* division of the circuit court, for certain enumerated purposes, including "(6) for any other purpose in the best interests of the estate; or if it would be burdensome to the heirs or devisees to distribute . . . the real estate in kind."

mined undivided interest in the real estate described in [the] petition." The prayer of this answer was "that the court require strict proof of all allegations of plaintiff's petition and order partition of the land between the plaintiff and defendants according to their respective interests, and, if partition in kind cannot be made without prejudice to the owners, that the land be sold and the proceeds be appropriated according to the respective rights of the parties hereto. . . . "

When the cause came on for hearing, the court asked counsel if the parties had a stipulation. The attorney for the administrator stated "Yes, prior to presenting evidence, I believe that everyone has agreed that everything in the petition is admitted, except the property cannot be divided in kind." The attorney for the appealing defendants informed the court that the statement was correct. The trial, by agreement of the parties, was limited to the issue of whether the land could be divided in kind "without great prejudice to the owners." Rule 96.11. The court found that partition in kind could not be made without such prejudice and no complaint has been made concerning that finding.

■ The general rule is that a party cannot complain on appeal of procedure which was adopted in the trial court at his own request, *Hay v. Ham*, 364 S.W.2d 118, 124[8] (Mo.App.1962), nor may he complain of alleged error in which, by his own conduct at trial, he joined or acquiesced. *Benjamin v. Benjamin*, 370 S.W.2d 639, 643[11] (Mo.App. 1963).

In *Strickler v. Means*, 30 S.W.2d 97, 99[1] (Mo.1930), a partition action, one of the appealing defendants urged on appeal that the proceeding should be dismissed because of the absence of a necessary party. In the trial court the same defendant had taken the position that the absentee was not a necessary party. The court held that the defendant "will not be heard to urge the contrary now to the prejudice of [appellant]."

In *Phelps v. Domville*, 303 S.W.2d 601 (Mo. banc 1957), a case factually distinguishable because it involved a collateral attack upon the regularity of a partition proceeding, the court said:

"A person who has 'any interest' in the land sought to be partitioned must 'be made a party to such petition,' Section 528.060, and if such a person who is entitled to compel partition is named as a defendant in a petition for partition, we can see no reason why he may not ask to become, and with the consent of the court become 'a party to such petition' seeking and requesting partition, and we think this is exactly what occurred in this case." *Phelps v. Domville*, 303 S.W.2d at 605–606.

Rule 96.06 is derived in part from § 528.060 and § 528.080. Rule 96.06 reads: "Every person having an interest in the land, whether in possession or otherwise, shall be made a party to an action in partition."

■ The two appealing defendants concede that Rule 96.06 received compliance. Each of the four defendants had standing to file the petition for partition. All of the defendants admitted the allegations of the administrator's petition and affirmatively requested partition. In effect, although perhaps procedurally irregular, each defendant became, with the consent of the trial court, a party to the "action," Rule 96.06, or a party "to such petition," § 528.060. Accordingly the interlocutory order in partition will be affirmed but it must be modified. The modification is necessary because there is a discrepancy between the pleadings and the order.

The pleadings sought partition of all of the interests in the land, that is, the four undivided one-fourth interests held respectively by the four defendants. The order limited the sale to the undivided one-half interest which descended to the defendants from Gertrude Crouch.[4] The order should

---

**4.** "There can be no partition of an undivided interest; the estate sought to be partitioned must be such that, if a parcel is assigned to any

party, his estate therein will be an estate in severalty, and, if a sale is directed, its effect must be to transfer to the purchaser a like

be modified so as to order the sale of the entire interest.

As so modified the judgment is affirmed and the cause is remanded for further proceedings consistent herewith.

GREENE, P. J., and TITUS, J., concur.

estate." 68 C.J.S. Partition § 28, p. 41. On the other hand some courts have permitted partition of an undivided interest. See *Starnes v. Miller*, 505 P.2d 180 (Okla.1972); *Bryan v. Bryan*, 262 S.W.2d 736 (Tex.Civ.App.1953).

Rule 96.05 requires the petition to contain a legal description of "the land" sought to be partitioned. Rule 96.06 requires the joinder of every person having an interest in "the land." Rule 96.08 requires the court to determine the interests of the parties and order partition in kind or the sale of "the land."

Because the pleadings in the instant action did not request partition of an undivided interest, this court does not rule on the propriety of such a request.