**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Respondent,**

v.

**Raymond L. GOVERO et ux., Appellants.**

**No. 36570.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 20, 1976.

Motion to Withdraw Opinion or Consider the Merits or for Rehearing Denied Feb. 26, 1976.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for appellants.

Bruce A. Ring, Chief Counsel, Jefferson City, Richard E. Baker, Asst. Counsel, Mo. State Highway Com'n, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Condemnation action. A jury gave defendant land owners a $7,500 verdict; they appeal from the ensuing judgment. In accordance with Rule 84.08 we dismiss the appeal for defendants-appellants' failure to comply with Rules 84.13(a) and 84.04(d).

Defendants-appellants vaguely claim trial error concerning the propriety of testimony of adverse expert witnesses, jury argument and cross examination of a witness. In the trial court defendants failed to object to any of these alleged improprieties. Rule 84.13(a) precludes our review of such points when not initially presented to and expressly decided by the trial court.

We add that appellants' brief sets out three abstract Points Relied On. Not one complies with Rule 84.04(d) which requires an appellant's brief to state "what actions or rulings of the court are sought to

be reviewed and wherein and why they are claimed to be erroneous." Hence, the appellants' phantom Points Relied On preserve nothing for our review.

In *Donnell v. Vigus Quarries, Inc.*, 489 S.W.2d 223[3] (Mo.App.1972), we pointed to the drastic increase in appellate case load and declared: "With such a burden we must not only call on counsel to follow the rules on appeal but must demand it. It is only with the conscientious and effective help of lawyers practicing in our court that the appellate process will continue to function." Accordingly, we dismiss the appeal. Rule 84.08.

KELLY and STEWART, JJ., concur.