Michael SCHISLER, Appellant,

v.

ROTEX PUNCH COMPANY INC., & Mill Supply & Machinery Co., Respondents.

No. 52192.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1988.

Eugene H. Fahrenkrog, St. Louis, for Michael Schisler.

James J. Amelung, St. Louis, for Rotex Punch.

Emmeth M. O'Brien, St. Louis, for Mills Supply.

KAROHL, Presiding Judge.

Plaintiff lost the sight of his left eye when injured on February 25, 1982 while operating a punch press manufactured in 1967 by defendant Rotex and sold to plaintiff's employer by defendant Mill Supply. While plaintiff was performing a metal punching operation a die exploded because the descending punch was larger than the die. Plaintiff brought a products liability claim against Rotex as manufacturer and Mill Supply as vendor of the punch press premised on the theory of design defect. The case was tried by the plaintiff, both defendants and the court on the assumption that the principles of comparative fault recognized by our Supreme Court in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983) were applicable in a product's liability case. The case was tried in June, 1986, before the Supreme Court decided *Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491 (Mo. banc 1986) and *Barnes v. Tools & Machinery Builders Inc.*, 715 S.W.2d 518 (Mo. banc 1986). These cases were decided on August 1, 1986. Here, the jury found plaintiff 100% at fault. The *Lippard* and *Barnes* decisions were published after plaintiff filed a motion for new trial, but before the court overruled the motion.

Plaintiff appeals claiming the court erred in overruling the motion for new trial "because evidence of plaintiff's contributory negligence was improperly allowed at trial" and because plaintiff's verdict directing instruction, No. 6, defendants' comparative fault-affirmative defense instruction, No. 9, and the verdict form improperly allowed the jury to assess a percentage of fault to the plaintiff.

■ We anticipate that on the substantive issues this opinion will have little precedential value because of the decisions in *Lippard* and *Barnes*. In *Lippard*, the court concluded:

that there should be no change in the Missouri common law rule, as established in the *Keener* [*Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362 (Mo.1969)] opinion (l.c. 365), that the plaintiff's contributory negligence is not at issue in a products liability case. It should neither defeat nor diminish recovery. The defendant may sometimes make use of the plaintiff's alleged carelessness in support of arguments that the product is not unreasonably dangerous, or that the alleged defects in a product did not cause the injury, but these are traversing claims not appropriate for instruction. If the defective product is a legal cause of injury, then even a negligent plaintiff should be able to recover.

715 S.W.2d at 493. The court recognized that MAI 32.23 continues as a proper form instruction in a product's liability case only where plaintiff "voluntarily and unreasonably exposed himself to a known danger." *Id.* In the present case there is no contention that plaintiff voluntarily and unreasonably exposed himself to a known danger. We conclude from our study of the evidence that he did not.

Plaintiff's product liability theory was that the punch press was defective in de-

sign because the turrets for various punches on the top and the corresponding dies on the bottom rotated independently. This allowed a mismatch in size and created a danger which became causal to the injury. Plaintiff offered the testimony of two experts. In summary, it was their testimony that the manufacturer could have provided an interface to insure that if a die or punch was changed, then the punch press would automatically operate in a low pressure test mode to insure that the punch would enter the die before a high pressure operation. Low pressure operation would be insufficient to cause a die to fracture. There was also evidence that an electronic interlock with switches and relays could have been designed and manufactured to have prevented mismatch alignment. In response, defendants offered expert testimony that plaintiff's "theoretical" redesign to prevent misalignment was subject to and necessarily involved additional risks of malfunction. In summary, it was defendants' evidence that because the theoretical "safe design" was no better than the design as manufactured, the punch press was not defective.

■ Plaintiff's first contention, that the court erred because evidence of plaintiff's contributory negligence was improperly allowed at trial, must fail because that evidence was either admitted throughout the trial from many witnesses without objection, or was the subject of plaintiff's own examination. This is undoubtedly true because the parties and the court believed during the trial that plaintiff's acts were relevant to a jury decision comparing the fault of plaintiff and defendants. After *Gustafson*, counsel and the court were obligated to "predict" whether the principles of comparative fault were applicable in a products liability case. See *Lippard*, 715 S.W.2d at 493, n. 1. Throughout the present trial there was evidence that plaintiff failed to hand jog (test) the alignment of punch and die, failed to wear safety glasses and failed to run a low pressure test. This evidence was admitted without objections to relevancy or materiality. In view of the decision in *Lippard* and in the absence of proof that plaintiff voluntarily and unreasonably exposed himself to a known danger, the evidence was immaterial and irrelevant except to support a defense contention that the punch press was not unreasonably dangerous. After *Lippard*, such objections would be proper if the evidence was offered for the purpose of proving contributory negligence. However, the present case was tried before *Lippard* was decided.

It is fundamental that our review of a claim of error relating to the admission of evidence is limited to matters that have been presented to or expressly decided by the trial court. Rule 84.13(a). In the absence of a timely and proper objection or in the absence of a motion to strike an answer, the propriety of a question and its answer is not preserved for appellate review. *McKinley v. Vize*, 563 S.W.2d 505, 512 (Mo.App.1978). Failure to timely make an objection concerning the propriety of testimony precludes review of such points when not initially presented to and not expressly decided by the trial court. *State ex rel. State Highway Commission v. Govero*, 533 S.W.2d 639, 639 (Mo.App. 1976). Failure of plaintiff to object to defendant's line of inquiry bars complaint on appeal. *Wartenbe v. Car–Anth Manufacturing and Supply Co.*, 362 S.W.2d 54, 56 (Mo.App.1962).

■ Plaintiff is also confronted by the general rule that a party cannot complain on appeal of alleged error in which, by his own conduct at trial, he joined or acquiesced. *Hilton v. Crouch*, 627 S.W.2d 99, 102 (Mo.App.1982); *Benjamin v. Benjamin*, 370 S.W.2d 639, 643 (Mo.App.1963). Plaintiff permitted testimony on acts of contributory negligence without objection and confronted these issues by his own evidence and in closing argument. A party may not complain of alleged error which his own conduct creates. In *Gambrell v. Kansas City Chiefs Football Club*, 621 S.W.2d 382, 386 (Mo.App.1981) it was held that plaintiff could not complain of error where the jury was allowed to consider an exhibit offered by plaintiff. As a matter of

error in the admission of evidence appellant is foreclosed by the same rule.

Appellant also complains that the court erred in instructing the jury with plaintiff's verdict directing instruction, No. 6 and defendants' comparative fault (affirmative defense) instruction No. 9. Instruction No. 6 was submitted by the plaintiff after the court refused to give plaintiff's instruction No. E. The refused instruction began, "In your verdict you must assess a percentage of fault to defendants Rotex Punch Company Inc. and Mill Supply & Machinery Company if you believe: ...." Instruction No. 6 subsequently offered by plaintiff begins, "In your verdict you must assess a percentage of fault to defendants Rotex Punch Company Inc. and Mill Supply & Machinery Company *whether or not plaintiff was partly at fault* if you believe: ...." (our emphasis) Plaintiff has not preserved a claim of error concerning the trial court's failure to submit instruction E.

■ The complaint before this court is that Instruction No. 6 improperly submits the issue of plaintiff's negligence as an element of the fact determination of defendants' liability. We must reject this assignment of trial court error. Instruction No. 6 was submitted by the plaintiff at plaintiff's request. Plaintiff is not entitled to complain on appeal about an instruction given on his behalf at his request. *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166, 171 (Mo.1968); *Birmingham v. Smith*, 420 S.W.2d 514, 517 (Mo.1967). Instruction No. 6 appears to be at least as favorable to plaintiff as the rejected submission under Instruction E, particularly where the parties and the court evidently tried this case on the prediction that the principles of comparative fault were applicable.

■ Instruction 9, submitted by defendants as a comparative fault-affirmative defense instruction following "MAI 37.02 (1986 new), 32.23 (1978 revision), 32.01 (2) (1978 new), 11.02(I) (1978 revision)", instructed the jury to assess a percentage of fault to plaintiff if it believed either: (1) plaintiff knew and appreciated the danger and voluntarily and unreasonably exposed

himself to danger when operating the punch press, or, (2) plaintiff failed to check the letter alignment of the upper and lower turrets before operating the punch press, or, (3) plaintiff failed to make a trial punch without material to assure proper alignment, or, (4) plaintiff failed to make a low pressure trial punch, or, (5) plaintiff failed to wear safety glasses; and, in one or more of these respects plaintiff was negligent; and, such negligence directly caused or contributed to cause injury. In the absence of evidence that plaintiff assumed a known risk, then even the first element involving voluntary and unreasonable exposure to danger was erroneous. According to *Lippard* the remaining submissions were improper. However, on this claim of error plaintiff is confronted both by a finding of the jury that defendants Rotex and Mill Supply were "0%" at fault and plaintiff was "100%" at fault, *and* by the decision of the Supreme Court in *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518 (Mo. banc 1986).

*Barnes* was decided as a companion case to *Lippard v. Houdaille Industries Inc.* As in *Barnes*, the defendants here submitted converse instructions after plaintiff's verdict director and before the comparative fault instruction. Instruction No. 7 told the jury that it must not assess a percentage of fault to defendant Rotex unless it believed the punch press, when sold, was in a defective condition unreasonably dangerous when put to a reasonably anticipated use. A similar converse instruction, No. 8, was submitted for defendant, Mill Supply & Machinery Company. These converse instructions were comparable to instruction No. 7 given in *Barnes*, 715 S.W. 2d at 520. Furthermore, defendants' comparative fault instruction, No. 9, was submitted in substantially the same form as a parallel instruction given in *Barnes*. *Id.* at 520–521.

In *Barnes*, the jury was given a verdict form which permitted the jury to perform three functions. First, a space was provided to enter a finding in favor of plaintiff or defendant. The name of the favored party was to be written in. Second, "only if"

there was a finding in favor of plaintiff could the jury assess the total amount of award. Third, the jury was to assess the percentage of fault "only in the event of a finding for the plaintiff" and after a determination of the total award. In that event the jury was told on the form to enter percentages on the verdict form. *Id.* This verdict form could have been submitted in the present case. The Supreme Court approved a new verdict form on January 24, 1986 for use after August 31, 1986. *See,* 37.07, MAI Third Edition. This case was tried in June, 1986.

In *Barnes,* the court determined that the jury had found plaintiff 100% at fault by indicating on the verdict form that it found the issues in favor of defendant. It made no entry of total award but found plaintiff 100% at fault and defendants 0% at fault. This, the court concluded, demonstrated that the jury failed to find at least one of the four requisite findings in plaintiff's verdict director. Accordingly, the court held that the error in submission of defendant's comparative fault-affirmative defense instruction, No. 8 in *Barnes*[1] was error but not prejudicial, reversible error. The *Barnes* court reasoned that under plaintiff's verdict directing instruction the jury had to find in favor of plaintiff by some measure before it could be misdirected by the subsequent defense instruction. Affirmatively, the court reasoned that the verdict form clearly demonstrated that the jury concluded plaintiff Barnes failed to prove one or more of the four required elements of his product liability claim.

Plaintiff in this case argues that the verdict form does not clearly indicate a finding of the jury that he failed to prove his product liability claim because the jury was not required to perform the first function under the old verdict form which was used in *Barnes.* He argues that the jury was not required to note on the verdict form a finding in favor of either plaintiff or defendants. The new verdict form requires

an assessment of fault followed by an award of damages, but only if some fault is assessed to defendants. (See copy of verdict form as prepared by the jury attached as exhibit A.)

We find the holding in *Barnes* decisive. The difference in the verdict forms does not overcome a finding by the present jury that neither defendant was at fault as that issue was submitted on plaintiff's verdict directing instruction. From the evidence the jury could have found, and apparently did find, either: (1) the punch press was not unreasonably dangerous when put to a reasonably anticipated use, or (2) was not used in a manner reasonably anticipated, or (3) plaintiff's injury was not a direct result of a defective condition. Any of these findings would account for the jury's conclusion, as indicated on the verdict form, that neither defendant was at fault in any amount. Under the reasoning of the Supreme Court in *Barnes,* the verdict form does not indicate that the verdict was a product of a conclusion by any juror that contributory acts of the plaintiff caused the accident even if the punch press was unreasonably dangerous when put to a reasonably anticipated use. Just as in *Barnes,* the present verdict directing instruction commanded the jury to return a verdict for plaintiff if it found plaintiff had proven the four elements of his product liability claim "whether or not plaintiff was partly at fault." Just as in *Barnes,* we must also assume that the jury in the present case followed the instruction and would have assessed a percentage of fault against the defendants if it had found that the four hypotheses were established. See, *Barnes,* 715 S.W.2d at 521. The change in the verdict form does not alter the clear determination of the jury that defendants were found not to be at fault.[2] On the basis of the same assumption made in *Barnes* and on the authority of *Barnes,* this court is bound to reject appellant's claim that the submission of the comparative fault-affirm-

---

1. Instruction No. 9 in the present case.

2. We also find it insignificant that on the verdict form the jury entered "0%" in a space provided for the entry of money damages if found.

There is no contention that this indicates a misunderstanding on the part of the jury and the entry follows a clear finding of zero fault on the part of defendants.

ative defense instruction No. 9 requires a new trial where the jury found no fault against defendants. See also, *Lee v. Mirbaha,* 722 S.W.2d 80, 83–84 (Mo. banc 1986); *Bushong v. Marathon Electric Manufacturing Corp.,* 719 S.W.2d 828, 837 (Mo. App.1986); and, *Wilson v. Tabor,* 703 S.W. 2d 4 (Mo.App.1985). These cases all stand for the general proposition that a clear finding in favor of defendant overcomes error in defendants' affirmative defense instructions which submit comparative fault issues.

Because we affirm the judgment of the trial court we are asked to consider defendants' request for damages under Rule 84.-19. The request is denied. The issues in this case all involve the trial and appeal of a products liability case and the proper application of the principles of comparative fault in such case. *Lippard* and *Barnes* were decided while appellant's motion for new trial was pending in the trial court. The confusion recognized in *Lippard* on the issues involved in this appeal justify rejection of the claim of frivolous appeal.

Respondents request for damages by reason of the appeal and on the authority of Rule 84.19 is denied. Judgment affirmed.

SMITH and KELLY, JJ., concur.

EXHIBIT A

VERDICT

Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claim of plaintiff for personal injury we, the undersigned jurors, assess percentages of fault as follows:

| | | |
|---|---|---|
| Defendants Rotex and Mill Supply | _0_% | (zero to 100%) |
| Plaintiff Michael Schisler | _100_% | (zero to 100%) |
| TOTAL | _100_% | (zero or 100%) |

Note: Complete the following paragraph if you assessed a percentage of fault to ~~one or more~~ defendants:

We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be $_____0%_____ (stating the amount).

Note: The court will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.