**JAMES O'BRIEN & ASSOCIATES, INC., Respondent,**

v.

**AMERICAN SPORTSMAN TRAVEL, INC., d/b/a The Travel Company, Appellant.**

**No. 59130.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 29, 1991.

Rehearing Denied Dec. 4, 1991.

Plaintiff alleged Defendant had breached its written contract by repudiating it and refusing to complete incentive travel trip arrangements. Defendant counterclaimed, asserting Plaintiff had breached the written contract by failing to pay $20,000 in addition to $38,000 previously paid.

The evidence indicated Defendant was to provide trips, one to Antigua and one to Spain, as part of an incentive travel program for Plaintiff's customers. Plaintiff was to pay, and did, $38,000 to Defendant's escrow account. A second payment of $20,000 was to be paid on December 1, 1988. The written contract provided if the number of Plaintiff's customers winning trips fell below projected levels, deposits made by Plaintiff were to be applied to the overall program cost of each destination. Any overage was to be returned to Plaintiff after program operation, upon settlement of account. On December 1, 1988, it was obvious to Plaintiff, but not to Defendant, the $38,000 was more than ample to pay for the overall program because of the small number of customers who would qualify and take the trips. Defendant demanded payment of the $20,000 due under the contract, stating it would not supply the incentive trips unless Plaintiff paid. Plaintiff refused to pay.

The question is whether Defendant breached the contract by insisting upon payment of the $20,000 at a time when the escrow payment of $38,000 may have been more than ample to pay the overall program cost. Or, conversely, did Plaintiff breach the contract by nonpayment of the $20,000. Defendant correctly asserts the trial court gave a verdict-directing instruction at Plaintiff's request which was based upon MAI 26.02 when it was required to give an instruction based MAI 26.06.

Plaintiff's Instruction No. 7 reads as follows:

> Your verdict must be for Plaintiff James O'Brien and Asso., Inc., [sic] if you believe:
>
> First, Defendant The Travel Co. did not provide the incentive trips which were paid for by the Plaintiff, and

Dennis A. Buchheit, Julius H. Berg, St. Louis, for appellant.

James E. Godfrey, Jr., St. Louis, for respondent.

CRIST, Judge.

Appellant American Sportsman Travel, Inc., d/b/a The Travel Company (Defendant), appeals a judgment entered upon a jury verdict in favor of James O'Brien & Associates, Inc. (Plaintiff) on its petition in the sum of $23,000 and in favor of Plaintiff on Defendant's counterclaim. Reversed.

**64**

Second, because of such failure, Defendant's contract obligations were not performed, and

Third, Plaintiff was thereby damaged.

 This instruction is based upon MAI 26.02 (1980 Revision). Its Notes on Use provide that "This instruction is applicable only where there is no dispute concerning the terms of the agreement and the defendant's obligation to perform his agreement." *See Ridley v. Newsome*, 754 S.W.2d 912, 916[10] (Mo.App.1988). It is intended for use in situations where the existence and terms of a contract are undisputed and the sole question for the jury to decide is whether Defendant has breached that contract, and if so, the damage resulting. *Varn Company v. Hamiltonian Federal Savings and Loan Association of Ferguson*, 488 S.W.2d 649, 651[2] (Mo. 1973).

The approved instruction to be used where the terms of the agreement and its breach are at issue is MAI 26.06 (1981 Revision); *Penberthy v. Nancy Transportation, Inc.*, 804 S.W.2d 404, 407[2] (Mo. App.1991).

In this case there was a dispute concerning the terms of the agreement in that Plaintiff argued that under the contract he need not pay the second deposit if there were enough funds to cover the cost of the number of actual trips, while Defendant argued the contract required payment of the second deposit. Thus MAI 26.06 was applicable and must be given to the exclusion of any other on the same subject. Rule 70.02(b). *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 206[7] (Mo.banc 1983). Where the terms of the agreement are in dispute, the verdict-directing instruction must hypothesize the proponent's version of the agreement actually made and failure to do so is prejudicial error. *Penberthy* at 407[2]. The submission of MAI 26.02 (1980 Revision) when MAI 26.06 (1981 Revision) was the appropriate form constituted prejudicial error. *Reed Stenhouse, Inc. of Missouri v. Portnoy*, 642 S.W.2d 947, 952[8] (Mo.App.1982).

Having found grounds for remand, we find it unnecessary to determine Defendant's other points relied on.

We reverse and remand for a new trial upon both Plaintiff's claim and Defendant's counterclaim.

PUDLOWSKI, P.J., and STEPHAN, J., concur.