**Edward A. and Shirley BURNETT,
Appellants,**

v.

**GMAC MORTGAGE CORPORATION,
Respondent.**

**No. WD 45016.**

Missouri Court of Appeals,
Western District.

June 30, 1992.

Don B. Roberson, Kansas City, for appellants.

David Wells, St. Louis, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

HANNA, Presiding Judge.

Respondent, GMAC Mortgage Corporation ("GMAC"), is a Pennsylvania corporation in the business of advancing credit and servicing mortgages. It sought to effect a court-approved foreclosure on property it believed was held and occupied by the appellants, Edward and Shirley Burnett ("Burnetts").[1] In an attempt to finalize the foreclosure, GMAC filed a Petition in Unlawful Detainer against the Burnetts. The Burnetts answered, denying possession of the property in question and filing counterclaims, one of which was for malicious prosecution. When GMAC was satisfied the property was vacant it dismissed its action. The case went to trial on the Burnetts' counterclaim for malicious prosecution and judgment was entered in favor of the defendant, GMAC.

The Burnetts complain the trial court committed prejudicial error by submitting two separate converse verdict directors (Instructions 10 and 14), by failing to place the appropriate MAI reference on the face of Instructions 10 and 14, and by submitting those two instructions to the jury without a definition of "malice."

Plaintiffs' first argument challenges two identical verdict directors given by the court which are affirmative converses to their malicious prosecution verdict directors. They claim it was error to submit two converse instructions citing *Joggerst v. O'Toole*, 513 S.W.2d 722 (Mo.App.1974). The appellants' case is not on point. In *Joggerst*, the plaintiffs were husband and wife. The wife sued for personal injuries sustained as a result of an automobile accident and the husband's claim was for loss of her services. The husband's claim of damage was derivative and dependent upon his wife's claim.

In this case, each plaintiff claimed separate damages based on a single theory of recovery, malicious prosecution. Although they are husband and wife, damages submitted were independent of each other. Mrs. Burnett testified she had asthma attacks, anxiety and loss of sleep as a result of the respondent's action. On the other hand, Mr. Burnett did not allege or testify to any specific physical damage. The plaintiffs submitted their case to the jury under two separate MAI 23.07 verdict director instructions, one for each plaintiff. Their damage claims, as submitted, were mutually independent. Each plaintiff could succeed or fail without any automatic effect upon the fate of the other. *See Saveway Oil Co. v. Sears, Roebuck & Co.*, 560 S.W.2d 325, 329 (Mo.App.1977).

In *Burrow v. Moyer*, 519 S.W.2d 568 (Mo.App.1975), the defendant erroneously conversed with one instruction, both the negligence and damage elements of two separate verdict directors. The court required that two separate converses be directed against the separate elements of the verdict directors. The same situation exists here. To have submitted one converse directed to two separate damage claims

1. We will refer to GMAC Mortgage Corporation as the defendant and the Burnetts as plaintiffs, consistent with their designation in the trial court.

would have been confusing and misleading to the jury.

■ Nevertheless, if any error comes from submission of the separate converse instructions, the presumption of prejudice is rebutted by the failure of the Burnetts to raise that objection at the instruction conference or at trial. *See Lollar v. A.O. Smith Harvestore Prod., Inc.*, 795 S.W.2d 441, 451–52 (Mo.App.1990). The argument is without merit.

■ Plaintiffs next argue that instructions 10 and 14 failed to follow the form set forth in Rule 70.02(d), since there was no appropriate MAI reference on the instruction page. This argument is also without merit. The instructions contained a notation "converse MAI 23.07." Upon plaintiffs' objection, defendant's counsel clarified that the notation was meant to indicate the converse form found in MAI 33.05. The court accepted this explanation.

■ The purpose of placing the MAI reference on the copies of the instruction is to preserve any error for review, where the court refuses to submit the instruction, and to give opposing counsel a basis for reference. *See generally, Fowler v. Park Corp.*, 673 S.W.2d 749, 757 (Mo. banc 1984); and *Estate of Fugett*, 596 S.W.2d 66, 70, n. 1 (Mo.App.1980). Plaintiffs' concern focused on not having any basis for reference. There are simple methods of determining the source of instructions, such as asking opposing counsel at the instruction conference, or otherwise clarifying any concern with an objection to submission of an instruction which is not in compliance with the rules. *Fowler*, 673 S.W.2d at 757. Plaintiffs' counsel made an appropriate objection and was given a sufficient explanation by defendant's counsel. The oral discussion, on the record, satisfied the purpose of Rule 70.02(d).

■ Finally, plaintiffs claim it was error to submit instructions 10 and 14, which contained the word "malice," without providing a definition of that word. Before reversal can be predicated on instructional error, the complaining party must show that the instruction misdirected, misled or confused the jury, thereby resulting in prejudice. *Cornell v. Texaco, Inc.*, 712 S.W.2d 680, 682 (Mo. banc 1986); and *Schaedler v. Rockwell Graphic Systems, Inc.*, 817 S.W.2d 499, 501 (Mo.App.1991). An appellate court should only reverse on this ground for defects of substance in the instruction which carry a substantial potential for prejudicial effect. *Fowler*, 673 S.W.2d at 756. Plaintiffs failed to object on this basis at the instruction conference. Although contemporaneous objections are not required to preserve claims of legal error pursuant to Rule 70.03, failure to raise the issue during trial or to request a modification, may be considered in determining if the instruction submitted was prejudicial. *Cornell*, 712 S.W.2d at 682; and *Hudson v. Carr*, 668 S.W.2d 68, 71–72 (Mo.1984). Plaintiffs provided instructions defining the word "maliciously." The variation of a single word in this case could not have had a substantial impact on the jury. *See Fowler*, 673 S.W.2d at 755.

Had plaintiffs really considered that the instruction as presented created substantial prejudice to their position, they should have pointed out the problem and requested a clarification, or submitted their own instruction containing a definition they considered appropriate. *See Hudson*, 668 S.W.2d at 71. If a defect is not readily apparent to counsel preparing to argue the case, it is hard to conceive how a jury might be confused or misled by the instruction. *Cornell*, 712 S.W.2d at 682; and *Hudson*, 668 S.W.2d at 72. This is particularly true where counsel had the instruction 24 hours in advance of the instruction conference. We cannot say the omission resulted in prejudice to the plaintiffs. It is appropriate to find a waiver of further definition under the circumstances. *Fowler*, 673 S.W.2d at 756.

Judgment Affirmed.

All concur.