**PORTA–FAB CORP., Respondent,**

v.

**YOUNG SALES CORP. Appellant.**

No. 69740.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Application to Transfer Denied
May 27, 1997.

Dean R. Gallego, Clayton, for appellant.

Richard B. Scherrer, St. Louis, for respondent.

RHODES RUSSELL, Presiding Judge.

Defendant, Young Sales Corporation ("Young") appeals from a judgment of the trial court entered on a $240,000 jury verdict in favor of plaintiff, Porta–Fab Corporation ("Porta–Fab"), for breach of a settlement agreement. Young contends the trial court submitted an erroneous verdict director and failed to grant its directed verdict. We find that the verdict director was erroneous and reverse and remand for a new trial.[1]

The following evidence was adduced at trial: In 1987, Porta–Fab purchased office buildings and manufacturing facilities located in Chesterfield. Subsequently, Young was hired to install a new roof over the existing roof of Porta–Fab's manufacturing facility. Young presented a written proposal outlining the installation specifications. At trial, there was evidence that Young had presented two different installation specification proposals. The parties disputed which specifications were ultimately agreed upon. The contract

1. Porta–Fab also has a motion for attorney fees and expenses in defending this appeal. Since we reverse and remand for a new trial, Porta–Fab's motion for attorney's fees and costs is denied.

price for the new roof was approximately $123,000.

Young began installing the new roof in November 1987. After Young completed installation of the roof, Porta–Fab experienced recurring problems with water leaking through the roof.

Acknowledging that Young had not properly installed the new roof, Young and Porta–Fab entered into an agreement entitled "Settlement Agreement, Warranty, and Guarantee" in December 1989. Under the terms of the settlement agreement, Young agreed to repay Porta–Fab $15,000 of the price paid under the original contract and to forgive an additional $15,000 that was due under the original contract. Paragraph three of the settlement agreement further provided:

> Young Sales does hereby agree to warrant and guarantee all material and workmanship associated with Young Sales' performance or nonperformance in installing the roof until March 1, 1998, and to make all repairs necessary to stop leaks or correct other problems with the roof which result from any omission or commission on the part of Young Sales within that period of time. Said repairs shall be commenced within ten (10) days of notification by Porta–Fab of any agent of Young Sales.

After the execution of the settlement agreement, Porta–Fab continued to experience problems with the leaking roof. Young responded to approximately forty calls from Porta–Fab concerning the leaking roof between December 1989 and 1993. Despite Young's attempts to fix the roof, Young never successfully stopped the leaks on a permanent basis.

In an effort to resolve the problem, Porta–Fab hired a roofing consultant to perform an inspection and analysis of the roof. The roofing consultant determined that Young had not installed the roof in accordance with the specifications, and that Young's attempted repairs since the execution of the settlement agreement had not corrected the problems with the roof. The roofing consultant concluded that the roof needed to be replaced.

Porta–Fab eventually hired Werner Brothers Roofing Company ("Werner Brothers") to repair the leaking portions of the roof. Although the repairs performed by Werner Brothers were effective, Werner Brothers also recommended that the entire roof needed to be replaced. Werner Brothers offered to replace the roof for $301,269.

Porta–Fab subsequently filed suit against Young in December 1993 for breach of contract, seeking damages for the replacement of the roof and attorney fees incurred in enforcing the settlement agreement.

Trial began in the Circuit Court of St. Louis County on October 2, 1995. Porta–Fab's position at trial was that under the terms of the settlement agreement, it was entitled to have the roof replaced. Porta–Fab maintained that Young's agreement to warrant and guarantee meant that if Young could not permanently fix the roof, then Young was obligated to construct a new roof. Young's position at trial was that Porta–Fab was not entitled to a new roof. According to Young, the settlement agreement was a maintenance contract in which it was required to repair the roof when it leaked.

Young's motion for a directed verdict at the close of the evidence was denied. The trial court then submitted, over Young's objection, Porta–Fab's verdict director, Instruction Number 7. Instruction Number 7 provided:

> Your verdict must be for the plaintiff if you believe:
>
> First, defendant agreed to warrant and guarantee all performance and workmanship associated with defendant's performance or nonperformance in installing the roof until March 1, 1998, and to make all repairs necessary to stop leaks or correct other problems with the roof which result from any omission or commission on the part of defendant within that period of time, and
>
> Second, defendant did not fulfill its agreement to warrant and guarantee all materials and workmanship associated with defendant's performance or nonperformance in installing the roof, or

defendant failed to make all repairs necessary to stop leaks, or

defendant failed to correct other problems with the roof which resulted from any omission or commission on the part of defendant, and

Third, plaintiff was thereby damaged.

unless you believe that plaintiff is not entitled to recover by reason of Instruction Number 9.

MAI 26.02 [1980 Revision] Modified Submitted by Plaintiff

Young's attorney objected to the submission of Instruction Number 7 because it was based upon MAI 26.02. Young contended that the proper verdict director for Porta–Fab's cause of action should be based upon MAI 26.06. Young also argued that the instruction was argumentative and unduly emphasized certain evidentiary facts. Finally, Young objected to the submission of the instruction because the second paragraph of the verdict director provided the jury with a roving commission.

After a six day trial, the jury returned a verdict in favor of Porta–Fab, awarding damages in the amount of $240,000 and $99,000 in attorney fees. Young filed a motion for judgment notwithstanding the verdict or in the alternative, a motion for a new trial. The trial court denied Young's motion for j.n.o.v. and new trial. The trial court entered judgment in accordance with the jury's verdict. This appeal follows.

In its first two points, Young contends the trial court erred in submitting Instruction Number 7. Since we find merit in Young's second point that the trial court erred in submitting Instruction Number 7 because it was patterned after MAI 26.02 rather than MAI 26.06, we do not discuss Young's first point.

In its second point, Young contends the trial court erred in submitting Instruction Number 7 because it was patterned after MAI 26.02. Young argues that Instruction Number 7 should have been patterned after MAI 26.06 rather than MAI 26.02 because the terms of the settlement agreement were disputed.

MAI 26.02 is to be used only where there is no dispute concerning the terms of the agreement and the sole question for the jury to decide is whether the defendant has breached the agreement. *James O'Brien & Associates v. American Sportsman Travel, Inc.*, 819 S.W.2d 62, 64 (Mo.App.1991). MAI 26.06 is appropriate where there is a dispute as to 1) what agreement was made and 2) whether that agreement was breached. *Cranor v. Jones Co.*, 921 S.W.2d 76, 82 (Mo.App. 1996). Where the terms of an agreement are at issue, the appropriate instruction to use is MAI 26.06. *American Sportsman*, 819 S.W.2d at 64. The submission of MAI 26.02, when MAI 26.06 is the applicable instruction, constitutes prejudicial error. *Id.*

Young argues that the trial court erred in submitting an instruction based upon MAI 26.02, rather than MAI 26.06 because Porta–Fab's verdict director failed to: 1) hypothesize its version of the contract; 2) require a finding that Porta–Fab performed its agreement; and 3) include MAI 26.06's paragraph third requiring the jury to find "Defendant failed to perform [its] agreement." Young argues that Porta–Fab's failure to use a mandatory approved instruction (MAI 26.06) was erroneous and prejudicial.

In its brief, Porta–Fab argues that the trial court did not err in submitting Instructing Number 7 because it was not based upon MAI 26.02, but MAI 26.06. Porta–Fab states that Instruction Number 7 was a modified version of MAI 26.06, not MAI 26.02. Porta–Fab contends that although its verdict director was a modified version of MAI 26.06, the instruction was improperly identified as a modification of MAI 26.02. Porta–Fab argues that the mistaken notation on the instruction could not have prejudiced Young because Young had tendered instructions based on both MAI 26.02 and 26.06, and therefore, could not have been confused by the erroneous notation on the instruction.

■■■ When reviewing cases for instructional error resulting from a deviation from MAI format, we apply the following principles: 1) where MAI prescribes a particular instruction, the giving of an instruction contrary to that requirement constitutes error which is presumed to be prejudicial; 2) the

burden is on the party who offered the erroneous instruction to show on appeal that the erroneous instruction created no substantial potential for prejudicial effect; 3) it is the role of the court to determine whether the erroneous instruction caused a prejudicial effect; and 4) no judgment will be reversed on account of instructional error unless the error materially affected the merits of the case. *Citizens Bank of Appleton City v. Schapeler*, 869 S.W.2d 120, 128 (Mo.App.1993) (citing *Powers v. Ellfeldt*, 768 S.W.2d 142, 146 (Mo. App.1989)).

In this case there was a dispute concerning the terms of the settlement agreement in that Porta–Fab argued under the settlement agreement Young was obligated to replace the roof if it could not fix it. Young, however, denied that the settlement agreement required it to replace the roof. Since the parties dispute the terms of the settlement agreement, MAI 26.06 was applicable. Rule 70.02(b) provides that whenever the Missouri Approved Instructions contains the appropriate instruction in a particular case, that "instruction shall be given to the exclusion of any other instructions on the same subject."

On appeal, Porta–Fab concedes MAI 26.06 was the appropriate instruction because the parties disputed the terms of the agreement. Porta–Fab, however, argues that Instruction Number 7 was not a modified version of MAI 26.02, but rather a modified version of MAI 26.06. According to Porta–Fab, Instruction Number 7 was improperly identified as a modification of MAI 26.02. Porta–Fab cites *Burnett v. GMAC Mortgage Corp.*, 847 S.W.2d 82, 84 (Mo.App.1992), for the proposition that a mistake in identifying an instruction's source is not prejudicial. The present case is distinguishable from *Burnett* because in that case counsel clarified upon opposing counsel's objection that the notation was meant to indicate another MAI instruction. Here, Porta–Fab did not clarify upon Young's objection that Instruction Number 7 was actually patterned after MAI 26.06 rather than MAI 26.02.

■ Porta–Fab's explanation on appeal that Instruction Number 7 was a modified version of MAI 26.06 is especially curious in light of its memorandum in opposition to

Young's motion for a new trial. Therein, Porta–Fab stated that Instruction Number 7 was the proper verdict director to submit because it was based upon MAI 26.02. Porta–Fab argued that MAI 26.02 was proper because there was no dispute as to the settlement agreement's terms. Porta–Fab contended that the only disputed issue was whether Young's behavior breached the settlement agreement. Despite Porta–Fab's new explanation on appeal, it is bound by the position it took in the trial court. *See Canania v. Director of Revenue*, 918 S.W.2d 310, 315 (Mo.App.1996). Therefore, Porta–Fab is bound by its position that Instruction Number 7 was a modified version of MAI 26.02. Since the terms of the settlement agreement were disputed, Instruction Number 7 should have been patterned after MAI 26.06.

■ Assuming *arguendo* that Porta–Fab's new explanation on appeal is correct, Instruction Number 7 does not substantially track MAI 26.06. Although paragraph first of Instruction Number 7 appears to be an attempt by Porta–Fab to hypothesize its version of the settlement agreement, it omits what Porta–Fab's contractual obligations were under the settlement agreement as required by paragraph first of MAI 26.06. Under the settlement agreement, Porta–Fab was obligated to notify Young when leaks occurred.

■ In addition, Instruction Number 7 did not require the jury to find that Porta–Fab performed its agreement. According to Porta–Fab, its performance was never in dispute. Porta–Fab states that there can not be prejudicial error if an instruction omits an element which is not in dispute. *Schapeler*, 869 S.W.2d at 129. There was, however, evidence in the record that Porta–Fab did not always contact Young after it had discovered a leak. Porta–Fab's experts testified that when leaks went unrepaired, more damage resulted. Furthermore, Young contended that Porta–Fab excluded it from repairing the roof. Despite Porta–Fab's assertion, Young did dispute Porta–Fab's performance under the settlement agreement. It is reversible error for a jury instruction to assume or ignore a controverted fact. *Flo-Products Co. v. Valley Farms Dairy Co.*, 718 S.W.2d 207, 208 (Mo.App.1986).

Porta–Fab argues that Young could not have been prejudiced by its failure to include its contractual duties or its performance in the instruction because Young had offered Instruction G which also omitted the same terms. It is not clear, however, whether Instruction G was offered by Young. Instruction G states that it was offered by the court. Furthermore, Young's Instruction H, which was also refused by the court, included findings on Porta–Fab's contractual obligations and performance.

■ Porta-Fab also argues that Young failed to preserve its objection to the submission of Instruction Number 7. We disagree. Although Young did not specifically object that Instruction Number 7 failed to hypothesize Porta–Fab's version of the settlement agreement, Young did object during the instruction conference that the verdict director should be patterned after MAI 26.06. Furthermore, Young stated in its motion for a new trial that Instruction Number 7 should have been patterned after MAI 26.06, instead of MAI 26.02, because the terms of the settlement agreement were in dispute. Young's objections were specific enough to preserve them for review.

■ Since Porta–Fab submitted a verdict director patterned after MAI 26.02 when MAI 26.06 was the appropriate instruction, the submission resulted in prejudicial error. *American Sportsman,* 819 S.W.2d at 64. We find that the trial court. erred in submitting Instruction Number 7 to the jury.

In its third point, Young argues the trial court erred in denying its motion for a directed verdict because Porta–Fab failed to offer sufficient evidence that Young breached the settlement agreement. We disagree.

■ In reviewing the denial of motion for a directed verdict, we view the evidence in the light most favorable to the non-moving party and accept such evidence as true. *Seidel v. Gordon A. Gundaker Real Estate Co.,* 904 S.W.2d 357, 361 (Mo.App.1995). We give the plaintiff the benefit of all favorable inferences reasonably drawn from the evidence. A directed verdict is a drastic action and should only be granted if reasonable persons could not differ as to the outcome of the case. *Id.*

■ Viewing the evidence in the light most favorable to Porta–Fab, the evidence substantiated that Porta–Fab experienced problems with its roof almost immediately after Young had installed it. A later inspection revealed that Young had not installed the roof properly. After entering into a settlement agreement with Young, Porta–Fab continued to experience problems with the roof. Although Young would routinely respond to Porta–Fab's calls and attempt to make repairs, sometimes the repairs would not work. The evidence also revealed that many of the repairs were made using unreinforced plastic cement when Young should have been using plastic cement in conjunction with reinforcing mesh. Based on this evidence, we conclude that Porta–Fab presented sufficient evidence to demonstrate that Young had breached the settlement agreement. The trial court did not err in denying Young's motion for a directed verdict. Point three denied.

The trial court erred in giving a verdict directing instruction that did not meet the requirements of MAI 26.06. The judgment is reversed and remanded for a new trial.

SIMON and KAROHL, JJ., concur.