Vicky **LISZEWSKI, individually and as Natural Mother and Guardian of Victor Liszewski, Crockett Leon Hudson, and Carol Hudson, Plaintiffs–Appellants,**

v.

**UNION ELECTRIC COMPANY, Defendant–Respondent.**

No. 68617.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 1997.

Mark A. Helfers, Beach, Burcke, Helfers & Mittleman, LLC, St. Louis, for plaintiffs-appellants.

Jay A. Summerville, Ann E. Buckley, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for defendant-respondent.

HOFF, Judge.

Vicky Liszewski, individually and as natural mother and guardian of Victor Liszewski, Crockett Leon Hudson, and Carol Hudson (appellants) appeal from a judgment entered on a jury verdict in favor of Union Electric Company (Union Electric) on their wrongful death and personal injury claims. We affirm.

Paul Liszewski was electrocuted and Leon Hudson's arm was injured when an aluminum extension ladder they had used to access the roof of a building came into contact with uninsulated high voltage electric lines. The electric lines ran along the back of the building, above and parallel to the roofline. At the time of the accident, the two men were standing on the ground between the ladder and the building attempting to pull down the ladder.

In this lawsuit, Vicky and Victor Liszewski, Paul Liszewski's widow and son, respectively, sought damages for the wrongful death of Paul Liszewski. Leon Hudson and his wife, Carol Hudson, sought damages for Leon's personal injuries and Carol's loss of consortium. A jury rendered a verdict in favor of Union Electric on all claims. The

trial court entered judgment in accordance with that verdict.

At trial, the court precluded appellants from introducing into evidence a police report that reflected a Union Electric representative's request that the police officer leave the scene, as well as expert testimony regarding an alternative design for the placement of the electric lines. Union Electric was permitted to introduce evidence of a different location for accessing the roof. After trial, appellants unsuccessfully moved for a new trial. In relevant part, appellants sought a new trial because of references Union Electric's attorney made to two other children fathered by Paul Liszewski and to cover-ups, pieces of rubber that can be temporarily placed over uninsulated electric lines to enable work to occur near the lines. This appeal followed.

■ For their first point, appellants contend the trial court erred in not allowing their expert witness to testify regarding his proposed alternative placement of the wires. Appellants urge such testimony was relevant and would show the wires could be placed away from any possible contact with humans.

■ The admission or exclusion of evidence, including expert opinion testimony, is within the sound discretion of the trial court and this Court will not reverse the trial court's evidentiary ruling unless there is a substantial or glaring injustice. *Twin Bridges Elec., Inc. v. Collins*, 823 S.W.2d 14, 16 (Mo.App.E.D.1991). Furthermore, whether or not evidence is relevant is a matter within the trial court's discretion and its ruling will not be reversed absent an abuse of that discretion. *Berra v. Union Elec. Co.*, 803 S.W.2d 188, 192 (Mo.App.E.D.1991).

■ To preserve the issue of exclusion of evidence for appeal, however, an offer of proof demonstrating why the evidence is relevant and admissible must be made at trial. *Eckert v. Thole*, 857 S.W.2d 543, 546 (Mo.App.E.D.1993). The offer of proof must be definite and specific. *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 883 (Mo. banc 1985). Only in certain circumstances is such an offer unnecessary. *Id.* at 883–84. Those circumstances exist when: there is a complete understanding, based on the record, of the excluded testimony; the objection is to a category of evidence, rather than to specific testimony; and the record reveals the excluded evidence would have helped the proponent. *Id.*

Here, appellants' failure to make an offer of proof precludes review of this point. Prior to trial, Union Electric made an oral motion in limine to prohibit admission of the testimony of appellants' expert, Dean Park, that the wires could have been placed in a different location. The trial court sustained the motion and prevented references in opening statements or voir dire to alternative methods of supplying power to the premises in question. In denying appellants' pretrial request to make an offer of proof on Park's alternative methods testimony, the trial court stated "[w]e're not in trial of the case, counselor. . . . You get the evidence out here. . . . An offer of proof, since I've heard no evidence, would indeed be an anomaly."

The trial court subsequently permitted Union Electric's counsel to voir dire Park prior to his testimony. During this voir dire, Park stated he intended to offer an opinion that (1) he had an alternative design Union Electric could have considered to change the configuration of the poles to make the span of wires contacted by Paul Liszewski and Leon Hudson unnecessary in that location, and (2) Union Electric was negligent for failing to have that design in place. After the voir dire, the trial court overruled Union Electric's oral motion to preclude Park from testifying about alternative design. In doing so, the trial court stated it had not yet heard the witness' testimony, and it would rule on any objection to Park's testimony made at the time of that testimony.

During direct examination, Park opined that the wires were too close to the building for the safe use of maintenance type facilities on or near the building. The trial court then sustained Union Electric's objection that questions regarding how Park would have designed the facility were irrelevant and immaterial. Appellants made no offer of proof of what would be Park's testimony regarding an alternative design or method of placement of the wires.

Although the record makes clear that Park believed Union Electric was negligent for failing to use an alternative method or design for the placement of the wires, any alternative method or design proposed by Park is not available of record. The record also does not reflect the basis for his opinion that Union Electric was negligent for the failure to use an alternative method or design. Those matters, as well as their relevancy and materiality, should have been addressed in an offer of proof. Absent that offer, this Court may not review the trial court's exclusion of the testimony.

■ Moreover, the narrow exception to the offer of proof requirement does not apply here. While the record may reveal that Park's excluded testimony would have helped appellants, the record does not indicate the trial court and Union Electric had a complete understanding of that testimony. Furthermore, Union Electric's objection was to specific testimony by Park, rather than to a category of evidence. Under the circumstances, appellants failed properly to preserve for appellate review any error by the trial court in excluding Park's alternative design or method testimony. Point denied.

■ For their second point, appellants argue the trial court erred by allowing Union Electric to present testimony concerning an alternative access site to the roof which was around the corner from where Paul Liszewski and Leon Hudson accessed the roof. Appellants contend the testimony was offered on the issue of comparative fault, which was not raised in Union Electric's answer. Even if Union Electric properly raised the issue, appellants argue, the trial court should have determined as a matter of law there was insufficient evidence presented for submission of the issue to the jury.

■ To preserve an objection to the admission of evidence for appellate review, a party must present a timely and proper objection to the trial court. *Schisler v. Rotex*

*Punch Co.*, 746 S.W.2d 592, 594 (Mo.App. E.D.1988). Absent such an objection, any error in the admission of the evidence may not be raised on appeal. *Id.* Here, appellants failed timely and properly to object to the admission of testimony regarding an alternative location for accessing the roof.

After voir dire and prior to opening statements, appellants orally moved in limine to prevent Union Electric from mentioning an alternative location for the ladder because it was not raised as an affirmative defense. Union Electric responded that evidence of the alternative location "has to do with the foreseeability of people putting up ladders in this particular area." Therefore, Union Electric contended, the alternative location evidence was directed to an element of appellants' claims rather than to an affirmative defense. The trial court granted the motion to prohibit Union Electric from referring during opening statement to an alternative location for the ladder.

During his opening statement, appellants' counsel stated that "Paul had driven around the back [of the building and] Leon walk[ed] around the back to meet Paul there. This is the area where they have to access the top of the roof in order to do their work." Before beginning its opening statement, Union Electric asked permission to respond to the reference made by appellants' counsel to the location for access to the roof. The trial court found appellants' counsel had "opened" the matter, permitted Union Electric's counsel to respond during opening statement, and noted that by this ruling the court was not making any "determination as to the admissibility, *vel non,* of any evidence related to access to the roof."

Kimberly Dunbar, the building manager at the time of the accident, was the only witness who testified about the existence of an alternative access site for the roof.[1] Appellants' objections during her testimony focused on the admission into evidence of photographs and a diagram of the building.[2] Appellants

---

1. Leon Hudson testified he did not look for an alternative location for the ladder.

2. The first two pictures Dunbar identified depicted the back of the building. When Union Electric sought to admit the photographs, appellants

objected for lack of adequate foundation and because they "raise[d] an issue or show[ed] an area that was not … raised" in Union Electric's pleadings. The trial court overruled the objections and admitted the exhibits, as well as en-

did not object to any of Union Electric's questions which asked Dunbar about an alternative place for access to the roof, nor did appellants move to strike any of her testimony regarding access to the roof.

Due to the absence of timely objection, this Court is precluded from reviewing the admission of testimony regarding alternative access to the roof.

■■■■ Moreover, based on the record, this Court finds the trial court properly submitted the issue to the jury. Whether the evidence of an alternative access site went to foreseeability, which is an essential element of appellants' claims,[3] or to one of Union Electric's pleaded affirmative defenses,[4] there was sufficient evidence about the alternative access site to submit the matter to the jury.[5]

Dunbar testified there were no utility lines close to the building at the alternative access point, which was just around the corner from where the accident happened. Her testimony also disclosed that this alternative access point was surrounded by an unlocked chain link fence and was a common area available for use by all of the building's tenants and their contractors. Dunbar further testified she had accessed the roof from this alternative location and she was not aware of any maintenance personnel who accessed the roof from the location where the accident occurred. Photographs of the back of the building admitted into evidence also depicted the areas where the roof was actually accessed and where the roof could have been accessed according to Dunbar's testimony. The jury considered this and all other admitted evidence, as well as the arguments of counsel, and determined under the instructions of the trial court that Paul Liszewski and Leon Hudson were each one hundred percent at fault. Point denied.

For their third point on appeal, appellants contend the trial court erred by not granting their motion for new trial. Appellants argue that comments made by Union Electric's counsel regarding cover-ups and the possible existence of two other children fathered by Paul Liszewski were highly prejudicial.

■■■■ The trial court has discretion to decide whether an attorney's conduct necessitates a new trial because it was prejudicial and substantially influenced the verdict. *Ryan v. Campbell "66" Express, Inc.,* 304 S.W.2d 825, 827 (Mo. banc. 1957).

[T]he persistent asking of improper questions, or offering of improper evidence, or display of something not in evidence, [may require a new trial where] such acts constitute a willful attempt to present improper matters to the jury, or to create significant and improper inferences, or to force one's opponent to be placed in the light of suppressing facts by his objections. In each such case the final question is whether the

---

largements of them. Appellants objected for lack of foundation to the next exhibit, which was a diagram of the building. The trial court sustained that objection but subsequently admitted the exhibit, as well as its enlargement, without objection. Appellants then objected unsuccessfully to another photograph of the building on the grounds the date of the depiction was not clear. The trial court admitted that exhibit, as well as its enlargement, into evidence.

3. *Tellis v. Union Elec. Co.,* 536 S.W.2d 742, 745 (Mo.App.E.D.1976).

4. Union Electric's affirmative defenses, as set forth in its answer, stated that any damage suffered by appellants was "directly and proximately caused in whole or in part by the [fault and negligence of Paul Liszewski and Leon Hudson] in failing to keep a careful lookout, ... and negligently and carelessly bringing [their] ladder into close proximity and/or contact with overhead electrical wires"; and Paul Liszewski and Leon Hudson "assumed the risk of great bodily injury or death by voluntarily and intentionally bringing [their] aluminum ladder into close proximity and/or contact with overhead electrical wires in spite of the danger inherent of [sic] doing so."

5. The trial court instructed the jury, in relevant part, that a percentage of fault must be assessed to Union Electric if it "failed to use the highest degree of care to isolate the electric line from reasonably foreseeable contact"; that Union Electric could not be assessed a percentage of fault unless the jury believed Union Electric "failed to isolate the electric line from reasonably foreseeable contact"; and a percentage of fault must be assessed to Paul Liszewski and Leon Hudson if the jury believed those appellants "failed to keep a careful lookout for the electric lines, or ... caused or contributed to cause the ladder to come into contact with an electric line."

conduct substantially influenced the verdict, despite the action taken at the time by the court, in sustaining objections or otherwise.

*Id.* at 828–29 (citations omitted). A trial court's ruling on a motion for new trial due to attorney misconduct will be reversed only upon finding an abuse of discretion. *Id.* at 827.

First, appellants contend Union Electric's counsel violated a trial court order by mentioning cover-ups throughout trial. Prior to trial, appellants' counsel submitted a motion in limine which sought to preclude mention of the cover-ups. The trial court granted the motion to prohibit such references during opening statement and voir dire, and overruled the motion to the extent appellants sought to exclude evidence of cover-ups.

Leon Hudson testified that neither he nor Paul Liszewski notified Union Electric they were going to use an aluminum ladder near the uninsulated wires. During cross-examination of Dean Park, Union Electric asked whether he was familiar with the practice of utility companies, including Union Electric, to come out on request and place cover-ups over wires. The trial court sustained appellants' objection to the question and overruled Union Electric's related offer of proof, which *occurred* out of the hearing of the jury. Appellants' subsequent oral motion for a mistrial due to the mention of the cover-ups was unopposed, but was withdrawn by appellants prior to the trial court's ruling. Union Electric later unsuccessfully sought permission of the trial court, out of the hearing of the jury, to introduce evidence of Union Electric's policy regarding cover-ups.

Appellants do not contend Union Electric's counsel violated the trial court's ruling prohibiting mention of cover-ups during voir dire or opening statement. There was no trial court ruling forbidding the admission into evidence of cover-ups at the time Union Electric's counsel inquired about Dean Park's familiarity with the utility's practice. Any subsequent efforts by Union Electric's counsel to introduce testimony or an exhibit about the cover-ups occurred out of the presence of the jury and were unsuccessful. Based on the record, this Court is unable to conclude Union Electric's counsel improperly presented evidence of cover-ups to the jury or that any such effort substantially influenced the verdict.

The second allegedly improper conduct by Union Electric's counsel was his posing of the following question to Vicky Liszewski: "[I]sn't it true that you and Mrs. Liszewski, Paul's mother, had a falling out at the funeral because she allowed two younger boys that Paul had from a previous marriage—." The trial court sustained appellants' objection to this question on the grounds of relevancy, and overruled Union Electric's offer of proof regarding this matter. The trial court noted at a sidebar conference that the question of other children of Paul Liszewski may become relevant once a judgment is returned and the court must determine the distribution of any funds. The record reflects no further mention of Paul Liszewski's children other than Victor.

There is no indication of record that, prior to the posing of this challenged question, issues pertaining to any other children of Paul Liszewski were the subject of rulings by the trial court either before or during trial. Although appellants report in their brief that the trial court denied a pretrial motion for intervention filed by someone on behalf of those children, the record on appeal does not contain either that motion or the trial court's disposition of that motion. In any event, the conduct of Union Electric's counsel in posing this challenged question on one occasion was not prejudicial.

Under the circumstances, this Court finds the trial court did not abuse its discretion in denying appellants' motion for new trial based on these two grounds. Point denied.

For their last point on appeal, appellants argue the trial court erred by disallowing the introduction of a report of the first police officer at the scene who, while on the witness stand, could not recall if a Union Electric employee asked the officer to leave the scene.

With respect to appellants' efforts to introduce the police report into evidence, the rec-

ord reflects the following: Christopher Beckett, a police officer with the Eureka, Missouri, Police Department, first arrived at the scene soon after the accident occurred, left the scene for awhile, and then returned later the same day. Beckett testified that he had reviewed his police report and it was a true and accurate record of what he observed the day of the incident. Based on this testimony, appellants unsuccessfully moved for the admission of that report. At a subsequent sidebar conference, appellants' counsel advised he sought admission of the report as past recollection recorded. The trial court responded: "[i]f that is an offer of proof, it's overruled and denied. The court's ruling remains the same."

Next, appellants asked Beckett whether he recalled being "requested to leave the scene by a Richard Weber" of Union Electric. Beckett stated he did not recall. Appellants' counsel showed Beckett a copy of the report to "see if that can help refresh [his] recollection." Beckett responded "[t]here is a statement in here that I had written that—." At this point, Union Electric's counsel objected. The trial court sustained the objection and asked the witness whether or not the report refreshed his recollection. Beckett responded "[n]o."

Appellants' counsel then asked permission to read from the report. Union Electric's counsel objected the report did not refresh the witness' recollection and was hearsay. A sidebar conference proceeded, at which time the trial court read the following portion of the report as pointed out by appellants' counsel:

Union Electric was notified by the fire department. A short time later, troubleshooter Richard Weber arrived and made proper notifications to his company. He also asked if we could leave the scene until his investigator could respond.

Union Electric's counsel stated he objected on the grounds that it was hearsay and irrelevant. The trial court noted the witness had not testified he signed the report and there had been no tender of the report into evidence after the court's earlier ruling. Additionally, the trial court stated that even if the report was admitted into evidence, the above

quoted statement "is wholly irrelevant and immaterial and would not be admitted anyway."

Next, appellants' counsel asked Beckett whether he had signed the report. Beckett responded he had. Appellants moved for the admission of the report and Union Electric objected for the reasons stated at the sidebar. The trial court sustained "[t]he objection to the tender of the entire police report."

Appellants' counsel responded that he would "offer parts of the police report" in addition to those referred to at the sidebar. The trial court stated "[t]he exhibit is not admitted in evidence, so the objection is sustained.... As to any part not identified by this witness as to whether he has recollection or not." In response to the trial court's remarks, appellants' counsel said: "All right. I don't mean to argue, I'm trying to understand. If I offer any part of the report, you're not allowing that—any part of the report to be admitted?" The trial court stated:

I don't know how you can arrive at that conclusion with my rulings. Suffice it to say that at this time the report is not in evidence. If you have any further questions of the officer regarding the report, you may proceed because I have no ability, sir, to divine your intentions or know what you have reference to.

Appellants' counsel did not ask Beckett any other questions regarding the report.

At the end of direct examination, Beckett was asked to review his report to see if it refreshed his recollection as to who from Union Electric informed Beckett of the "measurement of the neutral wire." Beckett responded "[a]ll I can do is again tell you what is in the written report. To tell you that this makes my recollection come back, no, I don't recall. I can tell you what is written, what I wrote." Appellants concluded their direct examination of Beckett at that point and did not engage in redirect examination of him. When appellants later offered the report into evidence again, the trial court stated that the objection as to that exhibit was sustained.

∎ To the extent appellants contest the exclusion of the statement in the report that reflected information regarding whether or not Union Electric's employee asked Beckett to leave the scene, the trial court did not abuse its discretion in finding the statement irrelevant. The test of relevancy is "whether an offered fact tends to prove or disprove a fact in issue or corroborates other relevant evidence." *Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991). There is no dispute that Beckett left the scene sometime after he first arrived. Beckett testified to that prior to any mention of the police report. It is not clear how any request by Union Electric's employee that Beckett leave the scene proves or disproves any disputed fact or corroborates other relevant evidence.

In their brief on appeal, appellants urge the significance is that "while [Beckett] was gone [Union Electric] made measurements of the height of wires, placement of Paul Liszewski's ladder and other matters. These measurements were critical as there were no other measurements to which to compare these." While such measurements may be critical to issues in the case, it is not clear how Union Electric's request, if any, that Beckett leave the scene is relevant to such measurements.

∎ To the extent this point on appeal challenges the exclusion of other parts of the police report, the issue was not properly preserved for appellate review due to appellants' failure to make an offer of proof as to those parts. The exception to the offer of proof requirement is inapplicable because there is no indication of record that the trial court and Union Electric had a complete understanding of the contents of the report. Additionally, the record does not disclose how those parts of the report would have assisted appellants. Point denied.

Judgment affirmed.

GERALD M. SMITH, P.J., and GRIMM, J., concur.