**Robin Jean RUSSELL, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 77508.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 9, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Bucheim, Asst. Atty. Gen., Jefferson City, for appellant.

Tim G. Lee, Benicia Baker–Livorsi, St. Charles, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Director of Revenue ("director") appeals the judgment of the Circuit Court of Lincoln County ordering the director to permanently stay the order revoking respondent's, Robin Jean Russell's ("driver's") driving privilege. We reverse and remand.[1]

On August 21, 1999, a Lincoln County deputy sheriff filed a refusal to submit to a breath test against driver. Subsequently, the director revoked driver's driving privilege for refusing a chemical test. Driver filed a petition for review of the director's revocation of her driving privilege in the associate circuit court.

During the trial, director offered into evidence Exhibit A, which contained certified copies of the Department of Revenue's records relating to driver's arrest and the revocation of her license. Driver objected to the admission of these records stating they had not been served on her at least seven days before trial as required under

---

1. Driver's motion to dismiss appeal for lack of appellate jurisdiction is denied. *Kohnen v. Hameed,* 894 S.W.2d 196, 199 (Mo.App. E.D. 1995) (Judgments in civil actions which do not involve claims for damages, or where the damages requested exceed $5,000, fall within the statutory term "all other contested civil cases" and are appealable directly to the appellate court). *See also, Robinson v. Director of Revenue,* 762 S.W.2d 872, 873–874 (Mo. App. E.D.1989).

section 490.692, RSMo 1994.[2] However, at trial, driver acknowledged she received a copy of the police report through supplementary means. The director conceded that the records had not been served on driver before trial, but argued that the records were certified under section 302.312, which does not contain a service requirement. The trial court sustained driver's objection and excluded exhibit A. Subsequently, the trial court ordered the director to permanently stay the order of revocation of driver's driving privilege. Director appeals.

■ Director raises two points on appeal. We will address only the first point because it is dispositive of the case. In its first point, the director argues the trial court erred in excluding from evidence Exhibit A, which consisted of copies of the Department of Revenue's records relating to driver's arrest. The director argues the records were admissible as evidence under section 302.312, in that the records were properly certified by the appropriate custodian and this statute does not require the records to be served on the opposing party at least seven days before trial. We agree.

■ We review in accord with *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). The judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. The evidence is viewed in the light most favorable to the

judgment. *Mills v. Director of Revenue*, 964 S.W.2d 873, 874 (Mo.App. E.D.1998).

Section 302.312.1 provides:

Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings.

In *State v. Calhoon*, 7 S.W.3d 494, 495 (Mo.App.W.D.1999), the Court held that unlike the general business records exception statute, section 302.312 does not impose a service requirement on the admissibility of exhibits. *See also*, *Mills*, 964 S.W.2d at 875–876.

In the case at bar, the trial court excluded the records of the Department of Revenue on the basis that it did not comply with the seven-day requirement of section 490.692. Thus, it did not consider the records in rendering its judgment in driver's favor. Unlike section 490.692, section 302.312 does not impose a service requirement on the admissibility of evidence so long as the records are properly certified. The records contained in Exhibit A were properly certified and were offered under section 302.312. Therefore, these records are admissible.

■ However, driver argues that the point is not preserved for appellate review because an offer of proof was not made by the director at trial. "[T]he purpose of an offer of proof is to insure the trial court

2. Section 490.692 provides in pertinent part:
1. Any records or copies of records reproduced in the ordinary course of business by any photographic, photostatic, microfilm, micro-card, miniature photographic, optical disk imaging, or other process which accurately reproduces or forms a durable medium for so reproducing the original that would be admissible under sections 490 .660 to 490.690 shall be admissible as a business record, subject to other substantive or procedural objections, in any court in this state upon the affidavit of the

person who would otherwise provide the prerequisites of sections 490.660 to 490.690, that the records attached to the affidavit were kept as required by section 490.680.
2. No party shall be permitted to offer such business records into evidence pursuant to this section unless all other parties to the action have been served with copies of such records and such affidavit at least seven days prior to the day upon which trial of the cause commences.

and opposing counsel understand the proposed evidence." *Frank v. Environmental Sanitation Management,* 687 S.W.2d 876, 883 (Mo.banc 1985). In addition, "an offer of proof enables appellate courts to understand claims of error." *Id.* Generally, in order to preserve an issue of exclusion of evidence for appeal, a definite and specific offer of proof demonstrating why the evidence is relevant and admissible must be made at trial. *Liszewski v. Union Elec. Co.,* 941 S.W.2d 748, 751 (Mo. App. E.D.1997). However, such an offer of proof is not necessary in certain circumstances. *Id.* Such circumstances exist when "there is a complete understanding, based on the record, of the excluded testimony; the objection is to a category of evidence, rather than to specific testimony; and the record reveals the excluded evidence would have helped the proponent." *Id.*

In this case, director offered to introduce exhibit A, which contained certified copies of the Department of Revenue records relating to driver's arrest and the revocation of her license. The trial court erroneously excluded the evidence. Driver admitted that she received the police report through supplementary means. The parties were apprised of what exhibit A contains. Thus, we find that there is a complete understanding of the excluded evidence from the record. Further, driver's objection at trial was not to specific testimony but to a category of evidence. Driver did not object to the contents of the report, rather she objected to an alleged notice violation. Additionally, the record reveals that the excluded evidence would have helped the director make its case. Moreover, the record is sufficient for this Court to review the claim of error. Therefore, a formal offer of proof is not required under this circumstance.

Based on the foregoing, we conclude the trial court erroneously applied the law. Accordingly, we reverse its judgment and remand the cause for further proceeding consistent with this opinion.

LAWRENCE G. CRAHAN and GEORGE W. DRAPER III, JJ., concur.