**STATE of Missouri, Plaintiff/Respondent,**

v.

**Bruce GEORGE, Defendant/Appellant.**

**No. ED 80762.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 2003.

Edward Scott Thompson, Public Defenders Office, St. Louis, MO, for appellant.

John Munson Morris III, Anne Edgington, Attorney General's Office, Jefferson City, MO, for respondent.

Before WILLIAM H. CRANDALL, JR., P.J., SHERRI B. SULLIVAN, and GLENN A. NORTON, JJ.

## ORDER

PER CURIAM.

Bruce George (Defendant) appeals from a judgment of conviction of robbery in the first degree, a Class A felony in violation of Section 569.020,[1] and armed criminal action, a felony in violation of Section 571.015. Defendant alleges that the trial court abused its discretion when it prohibited testimony by Jimmie Boykin (Victim) as to the source of the money that was taken from him. Defendant also contends that the trial court plainly erred when it rejected probation as an option for sentencing.

We have reviewed the briefs of the parties and the record on appeal and we conclude that the trial court did not abuse its discretion. The admission or exclusion of evidence is within the sound discretion of the trial court and this Court will not reverse the trial court's evidentiary ruling unless there is substantial or glaring injustice. *Liszewski v. Union Elec. Co.,* 941 S.W.2d 748, 751 (Mo.App. E.D.1997). We also conclude that there was no plain error by the trial court. Relief under the plain error standard is granted only where the alleged error will so substantially affect a defendant's rights that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Santillan,* 1 S.W.3d 572, 578 (Mo.App. E.D.1999). An

extended opinion would have no precedential value. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only. We affirm the judgment pursuant to Rule 30.25(b).

---

1. All statutory references are to RSMo. (2000), unless otherwise indicated.