Shannon C. CHAMBERLAIN, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. SD 30567.

Missouri Court of Appeals, Southern District, Division Two.

April 25, 2011.

---

Chris Koster, Attorney General and Chastidy Dillon–Amelung, Special Assistant Attorney General, Jefferson City, for Appellant.

Christina L. Kime, Piedmont, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Pursuant to section 577.041.3,[1] the Director of Revenue ("Director") revoked the driving privileges of Shannon C. Chamberlain ("Respondent") for refusing to take a chemical test. Respondent filed a "Petition to Review Revocation of License" in the Circuit Court of Iron County. Upon review, the trial court found in favor of Respondent because Director failed to show probable cause that Respondent was operating a motor vehicle while in an intoxicated condition. Director appeals that decision. We affirm the trial court's judgment.

## Factual and Procedural History

Missouri State Highway Patrol Sergeant Matt Renshaw ("Renshaw"), and Corporal Fred Stoffregen ("Stoffregen"), were notified of a one-vehicle accident in Iron County by "Troop E radio" transmission. Stoffregen traveled to the crash site. Renshaw did not go to the scene of the crash; he went to Parkland Hospital in St. Francois County, where he had been notified the injured person was being taken.

After he arrived at the hospital, Renshaw asked an ambulance driver "if this was indeed the person they were transporting from Iron County," and the driver confirmed it was. Renshaw identified Respondent as the person receiving treat-

---

1. All references to statutes are to RSMo Cum. Supp.2002, unless otherwise indicated.

ment at the hospital and testified he was not sure how long Respondent had been at the hospital before he began questioning him. Renshaw did not know Respondent's diagnosis or his medical condition. In Renshaw's opinion, Respondent was uncooperative because he answered some questions but not others. Renshaw detected a "very, very strong odor of intoxicants coming from [Respondent's] person," observed Respondent's eyes were bloodshot and watery, and noted Respondent had an uncooperative demeanor. Renshaw then administered the horizontal gaze nystagmus (HGN) test and observed six out of six indicators of intoxication. Renshaw testified that based on his social experiences, and his experience as a law enforcement officer, he believed Respondent was intoxicated. As a result of that belief, Renshaw placed Respondent under arrest, read him Missouri's Implied Consent Law, and requested a blood test. Respondent refused to submit to a blood test.

The evidence at the hearing consisted of a certified copy of the administrative record and Renshaw's testimony.

During Renshaw's testimony, the trial court sustained four of Respondent's objections, which Appellant now alleges were erroneous. After Renshaw testified that the radio notified him it was a one-vehicle traffic crash, occurring on Missouri 21, and one deputy was on scene, Renshaw was then asked if anything else was relayed to him over the radio. He responded, "Iron County relayed through sheriff's net that the deputy had arrived on scene and that there was only one person in the—." Respondent's trial attorney objected on the grounds the evidence was hearsay. The trial court sustained this objection. Renshaw was then asked, "What were you informed of as to the condition or location of the driver?" Respondent's trial attor-

ney objected based on hearsay. The trial court also sustained this objection.

Renshaw was subsequently asked, "What did you do after receiving the radio dispatch?" He answered, "We were notified there was one person injured." The trial court sustained Respondent's objection to Renshaw's answer as non-responsive. Finally, Renshaw was asked if he formed an opinion as to whether or not Respondent had been driving while intoxicated. Respondent's attorney objected for lack of foundation that Respondent was driving the vehicle. The trial court agreed there had been no proof Respondent was the driver of the vehicle.

Director made no offers of proof following any of the trial court's rulings on these four objections.

The Alcohol Influence Report ("AIR") was completed and signed by Stoffregen. Renshaw explained Stoffregen completed this report because "he investigated the traffic crash. . . ." The AIR indicated the "COUNTY OF ARREST/STOP" was "ST. FRANCOIS/IRON." The AIR contained a description of Respondent's appearance prior to the arrest. The narrative supplement attached to the AIR indicated: (1) Stoffregen was advised of the accident by radio; (2) when Stoffregen arrived at the scene of the accident twenty-six minutes later, the driver of the vehicle—Respondent—had been taken to the hospital by ambulance; (3) Stoffregen observed a maroon jeep on its side, empty beer cans in the vehicle, and smelled an odor of intoxicants in the jeep; and (4) Stoffregen requested Renshaw go to the hospital to arrest Respondent and request a blood test.

The accident report identified Kelly Barton as a witness to the accident. There is no witness statement and no reference to this witness' observations anywhere else in the administrative file or in the trial tran-

script. The accident report also indicated Respondent owned the jeep.

After considering Director's certified records, and the testimony of Renshaw, the trial court found Director failed to show probable cause Respondent was driving while intoxicated. This appeal followed.

Director contends the trial court erred in: (1) asserting jurisdiction over this case because Respondent was arrested in St. Francois County and section 577.041 provides for review in the county of arrest; (2) sustaining Respondent's hearsay objections regarding probable cause to believe Respondent was driving because hearsay is permitted to prove probable cause; and (3) finding Director failed to show probable cause Respondent was operating a motor vehicle in an intoxicated state in that the finding was against the weight of the evidence. Respondent contends the trial court correctly determined Director failed to show probable cause Respondent was operating a motor vehicle in an intoxicated state. The issues presented for our determination are:

1. Did the venue specified in section 577.041 restrict the trial court's subject-matter jurisdiction?
2. Did Director properly preserve the trial court's alleged error in excluding portions of Renshaw's testimony for appellate review?
3. Was the trial court's finding that Director failed to establish probable cause that Respondent was driving clearly erroneous?

### *The Trial Court Did Not Lack Subject Matter Jurisdiction*

Director's first point alleges the trial court erred in asserting jurisdiction over this case in Iron County because section 577.041 provides for review to be filed and heard in the county of arrest, which was

St. Francois County. The determinative issue here is whether the venue specified in section 577.041 restricted the trial court's subject matter jurisdiction in this case.

### Standard of Review

■ Jurisdiction is a question of law this Court reviews *de novo. Matthey v. St. Louis County,* 298 S.W.3d 903, 905 (Mo.App. E.D.2009).

### Analysis

■ Pursuant to section 577.041.4, Respondent filed a "Petition to Review Revocation of License" in the Circuit Court of Iron County contesting his license revocation imposed by Director following his refusal to submit to a blood test. Section 577.041.4 provides in part:

If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit division or associate division of the court in the county in which the arrest or stop occurred.

Here, Director argues section 577.041 limited the jurisdiction of the Iron County court, and subject matter jurisdiction "cannot be conferred by consent or estoppel, and the lack thereof cannot be waived." We, however, disagree that section 577.041 limited the trial court's subject-matter jurisdiction.

Director's analysis overlooks our supreme court's ruling in *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 252 (Mo. banc 2009), clarifying that Missouri courts only recognize personal and subject-matter jurisdictions—both of which are based on constitutional principles. Only subject-matter jurisdiction is at issue here. Article V, section 14 of the Missouri Constitution sets forth the subject-matter jurisdic-

tion of Missouri courts: "The circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." Application of this principle is simple: because this is a civil case, the circuit court had subject-matter jurisdiction, and therefore, the trial court had authority to hear the dispute. *See Wyciskalla*, 275 S.W.3d at 254.

■ For Director's argument to succeed, it was crucial it be framed in terms of subject-matter jurisdiction because subject-matter jurisdiction is not subject to waiver and can be raised at any time, even on appeal. *See McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473, 476 (Mo. banc 2009). "By contrast, if a matter is not jurisdictional but rather is a procedural matter required by statute or rule or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely." *Id.*

■ Here, Director has confused the concept of the circuit court's jurisdiction—a matter determined under Missouri's constitution—with the separate issue of the circuit court's statutory authority to grant relief. *See Id.* at 477. Accordingly, the alleged error is not one regarding the lack of subject-matter jurisdiction; Director's allegation of error is essentially that the petition was filed in the improper venue based on section 577.041.4. Director admitted during oral argument that challenges to venue are subject to waiver if not timely raised. *See Davis v. Kempker*, 167 S.W.3d 721, 727 (Mo.App. W.D.2005). Because Director failed to timely raise this issue at the trial court level, it is not preserved, and she is not entitled to relief on appeal. *See Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010).

In sum, the venue specified in section 577.041 did not restrict the trial court's subject-matter jurisdiction because Missouri's constitution unequivocally grants circuit courts original jurisdiction over all cases and matters, civil and criminal; any challenge to venue based on section 577.041 was untimely and waived, and thus not preserved for this Court's review.

### Director Failed to Make the Necessary Offer of Proof

■ Next, Appellant claims the trial court erred in sustaining Respondent's hearsay objections regarding probable cause to believe Respondent was driving because hearsay testimony is admissible to establish probable cause in this instance. However, this point is not preserved because Director failed to make an offer of proof to properly preserve this issue for appeal.

■ "Generally, in order to preserve an issue of exclusion of evidence for appeal, a definite and specific offer of proof demonstrating why the evidence is relevant and admissible must be made at trial." *Russell v. Dir. of Revenue*, 35 S.W.3d 507, 510 (Mo.App. E.D.2001). However, such an offer of proof is not required in certain circumstances. *Id.* "Such circumstances exist when 'there is a complete understanding, based on the record, of the excluded testimony; the objection is to a category of evidence, rather than to specific testimony; and the record reveals the excluded evidence would have helped the proponent.'" *Id.* (quoting *Liszewski v. Union Elec. Co.*, 941 S.W.2d 748, 751 (Mo. App. E.D.1997)).

In examining each of the trial court's rulings Director alleges were improperly excluded as hearsay testimony, we do not find the requisite circumstances exist to permit review without an offer of proof.[2]

---

**2.** We also note the last two objections were

not sustained based on hearsay; one was sus-

Here, there is not a complete understanding of the excluded testimony as the record is silent as to what additional information Renshaw heard from the radio transmission that might have led him to believe Respondent was driving the vehicle. Reviewing the merits of this appeal would require speculation as to what Renshaw's answers might have been, and further speculation that such answers would in fact have been favorable to Director. Thus, Director failed to make the requisite offer of proof, and nothing is preserved for review. Point II is denied.

### No Error in Finding Appellant Failed to Meet Her Burden to Show Probable Cause Respondent Was Driving

Finally, Director alleges the trial court erred in finding Director failed to show probable cause that Respondent was operating a motor vehicle while intoxicated in that the judgment was against the weight of the evidence. Respondent contends Director failed to meet her burden of proving Respondent was operating the motor vehicle. We determine whether the trial court's finding that Director failed to establish probable cause Respondent was driving while in an intoxicated state is clearly erroneous.

### Standard of Review

 In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,*

536 S.W.2d 30, 32 (Mo. banc 1976). This Court must have a firm belief the judgment is wrong to set aside a judgment as "against the weight of the evidence." *Id.*

 We review a probable-cause determination "de novo under an abuse of discretion standard and give[ ] deference to the inferences the trial court made from the historical facts, including ... [any] credibility determinations." *White v. Director of Revenue,* 321 S.W.3d 298, 310 (Mo. banc 2010).[3]

> Only if the trial court's judgment is clearly erroneous will an appellate court reverse. This standard of review gives appropriate deference to the trial court's ability to weigh the credibility of the witnesses, and acknowledges the inability of an appellate court to determine credibility from the lifeless pages of a record. Thus, if the trial court's ruling is plausible in light of the record viewed in its entirety, this Court 'may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'

*Id.* at 310–11 (quoting *State v. Milliorn,* 794 S.W.2d 181, 183 (Mo. banc 1990)). This Court must determine, under *de novo* review, if these historical facts satisfy the relevant statutory standard. *White,* 321 S.W.3d at 310.

"When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncon-

---

tained for being unresponsive and the other for the lack of foundation.

**3.** In *White,* our Supreme Court reviewed a driver's license suspension under section 302.535 rather than a license revocation under section 577.041. However, due to the similarities in these statutes, our supreme court "has cited to section 577.041 cases in-

terchangeably with section 302.535 cases when discussing the issues related to probable cause, the standard of review, and the deference given to implicit and explicit factual findings." *White,* 321 S.W.3d at 305 n. 6. We do as well without any further indication or discussion.

troverted evidence." *White*, 321 S.W.3d at 305. If the trier of fact disbelieves the evidence of the party bearing the burden, it properly can find for the other party. *Id.*

### Analysis

▮▮▮▮ Pursuant to section 577.041.4, the trial court must determine: (1) whether the person was arrested or stopped; (2) whether the officer had reasonable grounds[4] to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether the person refused to submit to the test. The dispute here is in regards to whether the arresting officer had reasonable grounds to believe Respondent was driving.

> Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense. Whether there is probable cause to arrest depends on the information in the officers' possession prior to the arrest. There is no precise test for determining whether probable cause exists; rather, it is based on the particular facts and circumstances of the individual case.

*Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 621 (Mo. banc 2002) (internal quotation and citations omitted). The evidence in the case at hand does not compel a finding that Respondent was driving the vehicle, especially since the trial court was free to believe none, part, or all of a witness' testimony. *See Mullen v. Dir. of Missouri Dept. of Revenue*, 288 S.W.3d 319, 323 (Mo.App. W.D.2009).

Renshaw's testimony revealed he knew the following pertaining to the allegation that Respondent was driving prior to making the arrest: (1) there was a one-vehicle accident and a deputy was on the scene; (2) one person was injured; and (3) the ambulance driver said the person they were transporting was from Iron County. Renshaw's additional testimony focused on probable cause for intoxication and other facts.

▮▮▮ Director relies on the fact Respondent owned the jeep as evidence Renshaw had probable cause to believe Respondent was driving. However, it is unclear from the record whether Renshaw knew Respondent owned the vehicle prior to his arrest. He did not testify to this fact. This information was contained in the AIR signed by Stoffregen. Although Renshaw did testify Stoffregen filled out the report based on Renshaw's paperwork, it is uncertain from the record if Renshaw knew of this fact before the arrest. Nonetheless, even assuming Renshaw knew Respondent owned the jeep prior to the arrest, this, combined with the other evidence in the record, is not dispositive for establishing Renshaw had probable cause Respondent was driving and we do not have a firm belief the judgment is wrong. If the trial court's ruling is plausible in light of the record, our standard of review prohibits this Court from reversing, even if we were convinced we would have weighed the evidence differently had we been sitting as the trier of fact. *White*, 321 S.W.3d at 310–11.

Director sets forth additional facts Director believes tend to show Respondent was driving—no other person was at the scene, and no one else was in the vehicle. We, however, find no evidence in the record to support such facts and Director has

---

4. "Reasonable grounds" is virtually synonymous with "probable cause." *Edmisten v.* *Director of Revenue*, 92 S.W.3d 270, 273 (Mo. App. W.D.2002).

not directed us to such evidence. In fact, the accident report lists the name of one witness.

 In considering the record in its entirety, we find the trial court's judgment and view of the evidence plausible. This Court defers to the trial court's view of the evidence and will not second-guess the trial court's judgment on contested facts. *White*, 321 S.W.3d at 312. The trial court was free to believe or disbelieve any or all of the contested evidence and find no probable cause based on its determination and credibility of Director's evidence. The trial court's determination Renshaw did not have reasonable grounds to believe Respondent was driving while intoxicated is not clearly erroneous. Director's final point is denied.

Accordingly, the trial court's judgment is affirmed.

SCOTT, C.J., and BATES, J., Concur.